JOHN B. CHISM, TRUSTEE IN BANKRUPTCY, *v.* CITIZENS' BANK OF CLARKSDALE.

BANKRUPTCY. *Trustee. Preference. Payment. Suit. State court. Permission from bankrupt court.*

A payment by an insolvent, within four months of his bankruptcy, to a creditor having reasonable cause to believe it intended as a preference and which gives the creditor a greater per centage of his debt than other creditors receive, may be recovered by the trustee in bankruptcy, under the bankrupt law of 1898, and suit therefor may be brought in a state court without precedent authority from the court of bankruptcy.

FROM the circuit court, second district, of Coahoma county.

HON. F. A. MONTGOMERY, Judge.

Chism, trustee, etc., the appellant, was the plaintiff in the court below; the bank, appellee, was defendant there. The

facts are sufficiently apparent from the opinion of the court. A demurrer to the declaration was sustained in the court below, and the suit dismissed; appeal by plaintiff.

*Moore & Clark,* for appellant.

Section 60 of the bankrupt act of 1898 declares clearly and specifically what is to be considered a "preference" under the bankrupt law.   Clause "a" provides as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against him in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

It will thus be seen that there are two distinct acts which are declared to constitute a preference—either that the party has suffered a judgment to be entered against himself in favor of some one else which is one of the acts forbidden; or, secondly, has made a transfer of any of his property, no matter how small a part, nor what proportion may be thus transferred, and provided that such judgment or transfer shall have the effect of enabling any one of his creditors to obtain a larger percentage of his debt than any other creditor will obtain.

The court will observe that the law now looks as much to the effect of what is done by the debtor as it does to the intent with which a payment or transfer is made, and wherever the effect is to give one creditor more than another can obtain, the law declares it to be a preference, whether the parties intended it as such or not.

Chapter 1, section 1, of the bankrupt law has aided the courts very materially in construing the law and arriving at the true interpretation to be placed upon this provision.

The court's attention in this connection is called to clause 25 of said section 1, in which the word "transfer" is defined and its meaning set forth.

It is there declared that the word "transfer" shall include the sale, and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security. Connect this clause, therefore, with the provisions of section 60, and the meaning is so clear and well defined as to leave absolutely no room for doubt or construction.

*Southworth & Richardson,* for appellee.

Brief of counsel for appellee has been lost from the record. ·

TERRAL, J., delivered the opinion of the court.

John B. Chism, trustee of the estate of William Silverblat, a bankrupt, sued the Citizens' Bank of Clarksdale for $300, as a preferred payment of that sum to the bank by said Silverblat within four months of his bankruptcy, the bank then knowing of his insolvency and of the payment of said sum as a preferred payment, and thereby the bank received a grater percentage of its debt than other creditors of the same class.

The transaction between Silverblat and the bank was directly in the face of the statute. The bankrupt act of 1898 plainly provides that a transfer, while insolvent, of any portion of his property to one of his creditors with ·intent to prefer such creditor over his other creditors, shall be an act of bankruptcy by such transferer. Section 60 declares: "A person shall be deemed to have given a preference, if being insolvent he has procured a transfer of any of his property, and the effect of the transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

And it further provides that the trustee may treat as void a preference given within four months of bankruptcy to a person receiving it, having reasonable cause to believe it intended as a preference; and that such trustee may recover such property or its value.

The $300 paid by Silverblat to the bank is property (2 Bou-

vier's Law Dict., 662). Collier, in his forms in bankruptcy, in giving the form of a schedule of the bankrupt's property, gives the first item as cash; and the bankrupt act gives to the trustee a right of action against a person knowingly receiving a transfer of property from his insolvent debtor within four months of his bankruptcy, by which he receives a greater percentage of his debt than other creditors of the same class.

The object of the bankrupt law is to pay all creditors of the same class *pro rata;* to work equality of payment among creditors. Collier on Bankruptcy, pp. 41-46; *Id., 299 et seq.*

"A preference is an advantage in the payment of a debt due him, acquired by one creditor over other creditors." *In re Horton,* 5 Benedict, U. S. D. C. R., 562; Black on Bankruptcy, 1898, p. 188.

The motive of the bankrupt is not a matter of consideration. However good the motive may be it does not affect the question; the intent is the point of inquiry, and that is taken to arise out of the act. If a payment is made by an insolvent, knowing himself to be an insolvent, the intent to prefer is conclusively presumed, and if a creditor of a bankrupt knowingly obtains a payment which gives him a greater percentage of his debt than other creditors receive, the transaction is condemned by the bankrupt law. Collier on Bankruptcy, p. 41 *et seq.*

2. It was not necessary for the trustee to obtain an order of the bankrupt court before suing. It is the plain duty of the trustee of the estate of the bankrupt to collect the debts due to it without waiting for the special directions of the court. By his appointment as trustee he is clothed with the legal title to the estate of the bankrupt, and it is his duty to collect, by suit if necessary, the debts due to it, and his failure to do so would render him liable for any loss incurred by his negligence. His right to sue is incident to his title and duty in the premises, and it is not necessary for him to obtain an order of the bankrupt court to justify him in maintaining a suit for the protection of the estate committed to him.

The circuit court of Coahoma county had undoubted juris-diction of this suit. See, also, as settling both questions in this case, *In re Conhaim*, 97 Fed. Rep., 923, and *Perkins* v. *Mc-Cauley*, 98 Fed. Rep., 286, cited in February No., pp. 70-72 of advance sheets of American Digest by West Publishing Co.

*Reversed and remanded.*