EL DORADO IMPROVEMENT COMPANY *v.* CITIZENS' BANK.

Opinion delivered January 27, 1908.

CORPORATION—UNAUTHORIZED CONTRACT.—A corporation is not bound by an accommodation note signed on its behalf by its secretary to secure a personal loan to such secretary, if the payee knew that it was accommodation paper when it took the note, and the corporation never authorized nor ratified the secretary's action in executing the note.

Appeal from Union Circuit Court; *Charles W. Smith,* Judge; reversed.

### STATEMENT BY THE COURT.

This suit was brought in Union Circuit Court by the Citizens' Bank on a note executed February 4, 1903, payable to the Citizens' Bank, for $2,000, with interest at ten (10) per cent. from date until paid. Said note was signed El Dorado Improvement Company, by E. H. Smith, Secretary. There had been a payment made on said note which reduced it to something over $1,500. The complaint alleges that this note was made by E. H. Smith, secretary of the appellant herein.

Defendant in due time filed its answer, which answer is, in words and figures, as follows:

"Comes the defendant herein, and states that it is a corporation, organized under the laws of the State of Arkansas. A copy of its articles of incorporation is filed herewith and marked "Exhibit A". That its business is for the purpose of purchasing, building and renting real estate. It denies that on February the 4th, 1903, the secretary of the El Dorado Improvement Company delivered to the plaintiff for a valuable consideration one promissory note for $2,000, due and payable March the 1st, 1903, with ten per cent. interest from date until paid. It admits that E. H. Smith, secretary of said Improvement Company, as accommodation and without authority or ratification of the said Improvement Company, executed the note to this plaintiff and delivered to the plaintiff for the sum, as indicated above, but they state that they never authorized the execution of said note; knew nothing of its execution; never ratified same and never received any of the benefits of same, but that said note is a fraud upon defendant.

"They state further that it was known to the plaintiff at the time that this was an accommodation note, and that none of the benefits were to go to the defendant.

"Wherefore, they ask judgment for their costs and other relief."

Attached to said answer is "Exhibit A", which is a copy of the articles of incorporation of appellant.

J. D. Proctor testified that he was cashier of the Citizens' Bank during the year 1903; that the said bank owned the note sued on; that it was given to the bank by E. H. Smith as collateral security to a note executed by him to the bank for $2,500; that he knew that Smith signed the name of the El Dorado Improvement Company to the note and delivered it to him for the bank as collateral security for a personal loan made by the bank to Smith.

E. H. Smith testified that he was secretary and treasurer of appellant company; that he signed the note in question in the name of the El Dorado Improvement Company, and put it up with the Citizens' Bank as collateral security for a personal loan to himself; that the note sued on was issued as accommodation

paper, and that this fact was known by the said bank at the time the note was delivered to it and the loan received by himself.

The directors of the said Improvement Company testified that they knew nothing about the execution of the note sued upon by Smith until the present suit was brought, and that they neither authorized the execution of it nor ratified his action in that behalf afterwards; that said Improvement Company is a corporation, organized under the laws of this State.

There was a jury trial, and verdict and judgment for plaintiff. Defendant has appealed.

*Smead & Powell,* for appellant.

1. In charging the jury that they should find for the plaintiff if they found that appellant or *its owners* derived any benefit from the note sued on, the identity of the corporation is lost sight of. The question is not whether the owners derived any benefit, but whether the corporation did so. 69 Ark. 89.

2. Since Smith's authority to sign the note is denied in the answer, that authority should have been proved. It will not be presumed as a matter of law. 62 Ark. 37. Before accepting the note, it was the duty of the cashier, who knew the circumstances surrounding the transaction, to see that Smith acted with authority in signing it. 7 Wall. 666.

HART, J., (after stating the facts.) The appellant bases error on the first instruction given by the court at the instance of the plaintiff as follows: "If you find that the El Dorado Improvement Company, or its owners, derived any benefit from the same, then you will find for the plaintiff." This instruction was erroneous. The uncontradicted testimony in the case shows that the El Dorado Improvement Company is a corporation, and that the note sued upon was issued as accommodation paper by E. H. Smith to secure a personal loan to himself, and that the corporation never authorized or ratified his action in that behalf. Therefore the contract was *ultra vires* and void. *Texarkana & Ft. S. Ry. Co.* v. *Bemis Lumber Co.,* 67 Ark. 542; *Stiewel* v. *Webb Press Co.,* 79 Ark. 45; *Klein* v. *German National Bank,* 69 Ark. 140.

The note sued on being accommodation paper, and that fact being known to the bank when it took the note, coupled with the

further fact that the action of Smith in issuing the note was never authorized by the board of directors of the Improvement Company, and was not ratified by it, there is no theory under which plaintiff can recover under the state of facts presented in the record.

Reversed and remanded.