[No. 14573.   Department Two.   April 25, 1918.]

DAVID M. HOFFMAN, *as Executor etc., Appellant,* v. GOTTSTEIN INVESTMENT COMPANY, *Respondent.*[1]

CORPORATIONS—CONTRACTS—ULTRA VIRES—PROMISSORY NOTE—CONSIDERATION. The payee who surrenders the personal note of the president of a corporation and takes in lieu the note of the corporation does so at his peril, as the act is *prima facie* unlawful and the note of the corporation without consideration.

SAME—CONTRACTS—ULTRA VIRES—WANT OF CONSIDERATION — ESTOPPEL—EVIDENCE—SUFFICIENCY. In such case, the evidence fails to show consideration and the corporation is not estopped to set up the illegality of the transaction, where it appears that the payee surrendered the president's personal note without indorsement and did not intend any sale or transfer to the corporation, and it was destroyed and never carried on the books of the corporation, and not brought to the knowledge of other trustees or stockholders, and the maker regarded the corporation note as his personal obligation the same as the other.

SAME. In such a case, an unexplained indorsement of interest on the corporation note, which was either paid by the president personally or by him from funds of the corporation, is not sufficient evidence of payment and ratification by the corporation, as the president could not ratify his own act when none of the other officers ever ratified it.

[1]Reported in 172 Pac. 573.

APPEAL—REVIEW—INVITED ERROR. Error cannot be assigned on the failure to strike out evidence as to transactions had with a party since deceased which was all brought out in direct response to questions propounded by counsel for appellant.

Appeal from a judgment of the superior court for King county, Alston, J., entered May 15, 1917, upon findings in favor of the defendant, in an action on a promissory note. Affirmed.

*Kerr & McCord,* for appellant.

*Bausman & Oldham (Walter L. Nossaman,* of counsel), for respondent.

PARKER, J.—The plaintiff Hoffman, as executor, seeks recovery upon a promissory note purporting to have been executed and delivered by the defendant investment .company to Simon Wolff, now deceased. Trial in the superior court for King county resulted in findings and judgment in favor of the defendant, from which the plaintiff has appealed to this court. Recovery was denied by the trial court on the ground that the note was executed without consideration, and also that its execution was beyond the corporate powers of the defendant.

The note sued upon is for the principal sum of $6,-000. It was executed August 4, 1913, and made payable six months after date, with interest at six per cent per annum. Upon its back is the single indorsement as follows: "Aug. 6-15, interest paid in full to this date." This indorsement is not signed by any one, nor are we advised as to who made it. Some five years prior to the execution of this note, M. Gottstein borrowed of Simon Wolff the sum of $6,000, evidencing the loan by the execution and delivery of a note for that sum. One or two years prior to the date of the execution of the note in question, respondent investment company was incorporated under the laws of this

state with a capital stock of $300,000, divided into three thousand shares of $100 each. The stock of the corporation was then owned as follows: M. Gottstein, 1,501 shares, Rosa Gottstein, his wife, 1,490 shares, Joseph Gottstein, his son, 4 shares, his daughter, 4 shares, and his niece, 1 share. Thereafter Rosa Gottstein died and her stock passed to the management and control of her executors. The record does not advise us as to who were all of the trustees of this corporation, but apparently M. Gottstein, as president, and Joseph Gottstein, as secretary, had the general management and control of the corporation.

About the 1st of August, 1913, Simon Wolff, who held the note against M. Gottstein, demanded of Gottstein that he cause to be executed and delivered to him (Wolff) a note of the corporation for $6,000 in lieu of the personal note executed by Gottstein. Just what prompted this demand is not wholly certain, but apparently it was because of the organization of the corporation by the Gottstein family and the placing of most of the property of M. Gottstein in the corporation. It appears, however, that Gottstein had retained individually property of the approximate value of $20,-000. At the time of making the demand by Wolff for a note of the corporation in lieu of the personal note of Gottstein, he protested to Wolff that his personal note was good, and also that it was almost wholly paid. The Wolff and Gottstein families were related by marriage. While the two men had been apparently friendly theretofore, upon the making of this demand by Wolff they had a controversy evidencing considerable ill feeling, especially on the part of Wolff. Finally Gottstein yielded to the demand of Wolff and executed the note in the name of the corporation, which was signed by M. Gottstein as president of the company and Joseph Gottstein as its secretary. The circum-

stances attending the demand for and the making of this note strongly suggest that it was made to conciliate Wolff more than anything else. The personal note of M. Gottstein was then delivered up to him by Wolff, and the testimony leads us to believe was then and there destroyed in the presence of Wolff, M. Gottstein and Joseph Gottstein. It is difficult to escape the conclusion that it was not the intention of Wolff to transfer or sell the Gottstein note to the corporation, but rather to simply have a note of the corporation in lieu thereof because of the family being the owners of most of its stock. We note that Wolff did not transfer the Gottstein note by indorsement or assignment in writing, but merely surrendered possession of it.

In the third finding made by the trial court we read:

"That there was and is no valuable or any other consideration for said note, and the defendant received no value whatever therefor; and the same is and was *ultra vires* of the corporation and is void, and the corporation is under no liability thereon."

The latter part of this language may be regarded somewhat more as a conclusion of law than as a finding of fact. The first part of it, however, relative to receiving consideration by the corporation, we think is clearly a finding of fact and, we think, is amply supported by the evidence. The trial court, however, did, in its fourth finding, state as follows:

"That the said Simon Wolff delivered said original note of M. Gottstein to the M. Gottstein Investment Company, and the said M. Gottstein Investment Company received said note and executed in exchange therefor the note sued upon in this action."

The third finding was excepted to by counsel for appellant, while the fourth finding was excepted to by counsel for respondent. We think the quoted portion of the fourth finding is not supported by the evidence,

and also that it is somewhat inconsistent with the third finding. We also note that, in the remarks made by the trial judge in his ruling upon the motion for a new trial, he seems to take this view and apparently looked upon the quoted portion of the fourth finding as not being wholly in accord with the evidence.

Looking to the record as a whole, we cannot escape the conclusion that this transaction was, in legal effect, nothing but an effort on the part of M. Gottstein to pay his own personal debt by the execution and delivery to Wolff of the note of the corporation in lieu of his personal note, and it seems to us equally plain that Wolff was bound to take notice of this as the legal effect of the transaction he then had with Gottstein. Our decision in *Mooney v. Mooney Co.*, 71 Wash. 258, 128 Pac. 225, seems to us decisive of this case in favor of respondent, investment company. On page 264 of that decision we quoted with approval from the language of the decision of the New York Court of Appeals in *Wilson v. Metropolitan Elev. R. Co.*, 120 N. Y. 145, 24 N. E. 384, 17 Am. St. 625, as follows:

"Undoubtedly the general rule is that one who receives from an officer of a corporation the notes or securities of such corporation, in payment of, or as security for, a personal debt of such officer, does so at his own peril. *Prima facie* the act is unlawful, and, unless actually authorized, the purchaser will be deemed to have taken them with notice of the rights of the corporation."

It is contended in behalf of appellant that the respondent, investment company, did in law receive consideration of the new note by receiving the old one and, in any event, should now be held to be estopped from denying its liability upon the note in question, either upon the ground of want of consideration or want of power to execute it. We cannot agree with this contention. We think the evidence calls for the conclu-

sion, that the private note of M. Gottstein, surrendered by Wolff upon receiving this note, was destroyed at that time; that Wolff, upon surrendering it, did not intend otherwise; that it was never carried upon the books or among the assets of the company as a part of its assets; that none of the trustees, other than M. Gottstein or Joseph Gottstein, even knew or suspected its existence as an asset of the corporation; that the note of the corporation here sued upon was never charged upon the books of the corporation as a liability of the corporation, and that no other trustees or stockholders of the corporation ever suspected its existence as a debt of the corporation. Indeed, the record suggests, when looked at as a whole, that M. Gottstein regarded this note as his personal obligation, as the first one was, even though he executed it in the name of the corporation.

Counsel for appellant seem to assume that the interest was paid upon this note by the corporation. We have noticed that the single indorsement on the back of the note fails to inform us who made it or as to who paid such interest. Even if that indorsement may be regarded as some evidence of the payment of interest, it may be said that, if the record shows the actual payment of any such interest, it was either paid by M. Gottstein personally or by him from the funds of the company. Manifestly he cannot ratify his own act, and it seems clear to us that none of the other officers or stockholders of the corporation have ever ratified the execution of this note in such manner as to estop the corporation from now denying its liability thereon.

Some contention is made in behalf of appellant that, in so far as the facts relating to the circumstances of the giving of this note and the surrender of the first

note of M. Gottstein at the same time were brought out by testimony of the conversation and transaction had with Wolff at the time, who is now deceased, such testimony comes from interested witnesses testifying in their own behalf against Wolff, now deceased, and therefore that such testimony is not admissible and, therefore, should not be considered. It seems plain to us from the record that all of this evidence was brought out in direct response to questions propounded by counsel for appellant and that they are not now in position to complain of the consideration of such evidence by the court. It is true they moved to have the principal part of it stricken after it had been adduced upon the trial, but they nevertheless voluntarily produced it. We think the trial court did not err in denying the motion to strike this testimony.

The judgment is affirmed.

ELLIS, C. J., CHADWICK, MOUNT, and HOLCOMB, JJ., concur.