[No. 16438.   Department Two.   September 2, 1921.]

## OLYMPIA NATIONAL BANK, *Respondent,* v. MURPHY MOTOR CAR COMPANY, *Appellant.*[1]

CORPORATIONS (151, 160)—POWERS AND LIABILITIES—PROMISSORY NOTES—ASSUMPTION OF LIABILITY—EVIDENCE—SUFFICIENCY. Where an individual organized his business into a corporation, which assumed the assets and liabilities of his business, a note executed by him as officer of the corporation in renewal of a personal note given by him while conducting the business as an individual is binding on the corporation.

APPEAL (429, 437)—REVIEW—HARMLESS ERROR—PLEADING—DECISION CORRECT ON MERITS. Error in permitting plaintiff to file a reply setting up estoppel and ratification, in an action by it on a promissory note of a corporation, was harmless, where the judgment was sustainable upon the theory that the obligations of a concern were assumed by defendant at the time of taking over its assets.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered March 4, 1921, in favor of the plaintiff, in an action on promissory notes, and to foreclose collateral security, tried to the court. Affirmed.

*Thos. L. O'Leary,* for appellant.

*Geo. F. Yantis* and *Troy & Sturdevant,* for respondent.

MAIN, J.—This action was brought for the appointment of a receiver, for judgment on four promissory notes, and for the foreclosure of two chattel mortgages and certain collateral security. The receiver was appointed, and the trial resulted in a judgment upon the notes and a foreclosure of the securities and chattel mortgages. From this judgment, the defendant appeals.

The facts essential to be stated are as follows: Prior to the month of May, 1920, one A. R. Murphy owned

[1]Reported in 200 Pac. 577.

and conducted an automobile and garage business on west Fourth street, in the city of Olympia, under the name of the West Fourth Street Garage. On or about the first of the month named, the Murphy Motor Car Company was incorporated, the capital stock of which was $5,000, divided into fifty shares of the par value of $100. Murphy subscribed for twenty-four shares of this capital stock; one C. M. Poncin, for twenty-four shares, and M. O'Bannon for two shares. The Murphy Motor Car Company began doing business on Columbia street, in the city of Olympia, on or about May 3, 1920. Between the first and the third of May the physical property which had been situated at the West Fourth Street Garage was transferred to the place of business of the appellant company. At about this time, Poncin left Olympia on an extended trip and did not return until the latter part of October, 1920. Some time prior to his return, and on October 5, 1920, the appellant corporation was in financial difficulty. At the time the business was taken over by the appellant, the respondent held four promissory notes signed by Murphy individually. After the business had been taken over, these were renewed and the renewal notes were signed by the appellant corporation by Murphy as manager. It is these notes that are involved in this action.

The defense is that they were the notes of Murphy individually, and that therefore the corporation was not liable. Upon the question as to whether, when the assets of the West Fourth Street Garage were taken over by the appellant, that corporation assumed the liabilities of Murphy, the evidence is in direct conflict, Murphy testifying that the corporation took over the assets and assumed the liabilities; Poncin testified directly to the contrary. Upon this conflicting evi-

dence the trial court, in a memorandum opinion, expressed the view that:

"The statement made by Mr. A. R. Murphy is a true and correct delineation of the circumstances surrounding the creation of the Murphy Motor Car Co. When this corporation was perfected it assumed the indebtedness of the West Fourth Street Garage, which was conducted by, and was the business of, A. R. Murphy. When the notes were renewed and signed by the Murphy Motor Car Company, the company was simply giving these notes in place of the notes it assumed and agreed to pay and did not change its obligation."

After reading the record, we are in accord with the view of the trial court upon the facts. If this view is correct, then the judgment of the trial court was right. The corporation, when it took over the assets, had a right to assume the liabilities.

The appellant relies principally upon two cases from this court. If its view of the facts were adopted, the cases would be in point and controlling. The first case is that of *Mooney v. Mooney Co.,* 71 Wash. 258, 128 Pac. 225, where it was held that, when one of the officers of a corporation gave a note of the corporation in renewal of his personal note, such transaction was presumptively *ultra vires,* and one dealing with such officer was presumed to know that he could not bind the company by the renewal note for which it received no consideration. The other case is that of *Hoffman v. Gottstein Inv. Co.,* 101 Wash. 428, 172 Pac. 573, and the facts are similar. There the renewal note was given by a corporation for the individual note of one of its officers, and it was held that the corporation could not be held to pay the personal debt of the officer by the execution and delivery of the renewal note, there being no consideration moving to the corporation for such note. Those cases are distinguishable

from the present, in that here the evidence shows that, when the business was taken over by the appellant, it was the agreement that it should receive not only the assets but assume the liabilities. In executing the renewal notes the appellant was only giving its own notes in place of the obligation which it had already assumed.

It is also claimed that the trial court erred in permitting a reply which is construed by the parties as pleading estoppel and ratification. Assuming, without deciding, that this was a departure from the complaint, the appellant was in no way harmed thereby. The case was fully tried upon the facts and, as already pointed out, the judgment of the trial court should be sustained upon the theory that the obligations, at the time the assets were taken over, were assumed.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and FULLERTON, JJ., concur.