### JAMES L. BOYLE, TRUSTEE IN BANKRUPTCY

*vs.*

### LEWISTON TRUST COMPANY.

### Kennebec.      Opinion February 21, 1927.

*Upon a person or corporation receiving a check of a corporation signed by one of its officers, and applied in payment of such officer's debt, rests the burden of proving that the issuance of such check was authorized for that purpose, and when not so authorized proceeds may be recovered back.*

*In legal contemplation, no such thing exists as an innocent holder of negotiable paper executed by an officer of a corporation and payable to his personal creditor.*

*Trustee in bankruptcy has authority under his appointment to bring suit in a state court, and the principle of estoppel can not be invoked in an action for recovery of corporate funds diverted to paying private debts of officers of the corporation.*

On report.      An action by the trustee of the estate of the Oakland & Belgrade Silver Black Fox Ranch Company, bankrupt, to recover the sum of $1635.40 alleged to have been paid unlawfully by the treasurer of said company out of the funds of said company to defendant and applied on a personal note of said treasurer held by defendant, said payments having been made by checks drawn in the name of the corporation, signed by its treasurer.      At the conclusion of the evidence the cause was reported to the Law Court.      Judgment for plaintiff for $1635.40 with interest from the date of writ.

The case fully appears in the opinion.

*Maurice E. Rosen,* for plaintiff.

*Frank A. Morey,* for defendant.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, BARNES, BASSETT, PATTANGALL, JJ.

PATTANGALL, J.   On report.   Action for money had and received

by trustee in bankruptcy of Belgrade Silver Black Fox Ranch Company who seeks to recover certain moneys paid to defendant by Charles J. Clukey, treasurer and manager of the bankrupt corporation.

The Belgrade Silver Black Fox Ranch Company was organized as a corporation on January 23, 1925, Charles Clukey was its treasurer, business manager and one of three directors. The corporation engaged in active business until July 6, 1925, and in November of the same year was adjudicated bankrupt.

At the time of the organization of the corporation defendant held certain overdue notes of Clukey's. On various dates, beginning January 30, 1925, and up to and including July 3, 1925, defendant received from Clukey checks of the corporation signed by Clukey as treasurer, payable to the defendant's order, the proceeds of which, in accordance with Clukey's instructions, it credited on his personal notes. The checks so used were eight in number and aggregated $1635.40 in amount. Defendant had no business relations whatsoever with the bankrupt corporation, at any time.

There is no evidence that the corporation ever authorized Clukey to issue its checks for the purpose of paying his personal debts or that defendant ever made any inquiry as to his authority to do so. The principle questions arising in this case were decided and fully discussed in *Gilman* vs. *Carriage Co.*, 125 Maine, 108.

On the authority of that case and cases there cited, it may be unhesitatingly stated that when it is found as a fact that the check of a corporation, signed by one of its officers, is used by that officer in payment of his personal debt, the proceeds of the check received may be recovered back unless the party receiving it proves that the officer in question was authorized to issue the corporate check for that purpose. A defendant admitting that he received a corporate check, drawn by an officer, in payment of his private obligation, has the burden of proving the officer's authority to use corporate funds. No attempt is made, in the present case, to sustain that burden.

Defendant is not in the position of an innocent holder. Each check on its face bore warning of its irregular and illegal character. They were, themselves, danger signals which a discounter or a purchaser could not safely disregard. In legal contemplation no such thing exists as a bona fide holder of negotiable paper executed by an officer in the name of a corporation and payable to his personal creditor.

The payment by Clukey to the defendant of his personal debt with corporate funds constituted a plain misappropriation of such funds and the form and manner of payment sufficed to put the defendant on its inquiry and to notify it that it accepted the payments at its peril. *Gilman* vs. *Carriage Co.*, 125 Maine, 108, and cases cited. *Johnson and Kettell Co.* vs. *Lomgley Luncheon Co.*, 207 Mass. 52. *Back Bay National Bank* vs. *Brickley* et al. 150 N. E. 11. *McCullum* vs. *Hotel Co.*, 199 S. W., 417.

No principle of estoppel operates against this plaintiff. A trustee in bankruptcy is not estopped from recovering corporate funds diverted to paying private debts of officers even though such payments were acquiesced in or consented to by directors or stockholders. The trustee represents the creditors of the corporation. They are not estopped. *McCullum* vs. *Hotel Co.*, supra.

It was argued by defendant that the money paid to it by Clukey was, in fact, Clukey's money, altho in form it appeared to be corporate money, because it was due him from the corporation as salary and that the checks were drawn as heretofore stated merely as a matter of convenience. In support of this claim it was shown that on July 10, 1925, a few days after the corporation ceased to do active business, the directors of the corporation voted to pay Clukey an annual salary of $10,000, payable monthly, to begin as of January 24, 1925, and that Clukey entered up, on the books of the company, salary credits which on July 24, 1925, totalled $10,000 as an offset to the amounts previously drawn by him.

Aside from the question of the validity of a vote of salary to one director by a board of directors, a question thoroughly discussed and fully disposed of in *Camden Land Co.* vs. *Lewis*, 101 Maine, 78; *Pride* vs. *Pride Lumber Co.*, 109 Maine, 456; *Conners* vs. *Conners Bros. Co.*, 110 Maine, 435, this vote of the directors neither gave Clukey authority to draw corporate checks for the purpose of paying his personal debts nor ratified previous acts of that nature. The evidence is that, at the time of the vote, the directors did not know of the transactions with this defendant. Obviously they could not ratify that of which they were ignorant. Also it should not be overlooked that the corporation did no active business after the date of this vote; that it was adjudicated bankrupt about four months later and that Clukey at all times knew of its real financial condition. Under such circumstances the vote of July 10th can only be regarded as an attempt to

cover one fraudulent act with another, and cannot be considered seriously regardless of the angle from which it is approached.

Question was raised as to the right of plaintiff to bring suit without allegation or proof of his having obtained authority to do so from appointing court. A trustee in bankruptcy is not required to obtain specific authority before beginning an action, such as this, in a state court. The general powers conferred on him by the terms of the bankruptcy act are sufficient. *Collier* on Bankruptcy 13th Ed. 1048; *Cartwright* vs. *West,* 155 Ala. 619; *Traders Insurance Co.* vs. *Mann,* 118 Ga., 381; *Chism* vs. *Clarksdale Citizens Bank,* 77 Miss., 599; *Chism* vs. *Friars Point Bank,* 27 So., 610; *Callahan* vs. *Israel,* 186 Mass., 383.

Plaintiff is properly in court. The payments by Clukey to defendant constituted a misappropriation of corporate funds. Defendant was warned of that fact by the instruments themselves.

The money so paid may be recovered back.

The entry should be,

> *Judgment for plaintiff for $1635.40 with interest from the date of writ.*