STATE, Respondent, v. LYNCH, Appellant.

(217 N. W. 391.)

(File No. 6125. Opinion filed December 31, 1927.)

For former opinion, see 210 N. W. 988.

*M. G. Luddy,* of Sioux Falls, and *Hall & Purdy,* of Brookings, for Appellants.

*E. A. Berke,* State's Attorney, of Brookings, and *Buell F. Jones,* Attorney General, for the State.

POLLEY, J. This case is here on rehearing. The opinion of the court on the former hearing is reported in 210 N. W. 988. In that opinion we used the following language:

"One of the notes evidencing indebtedness by a stockholder to the bank is executed by a corporation, and it is contended by appellant that it is not shown that the president of the corporation, who executed the note, had any authority to bind the corporation. This question might be serious if it were material. But it is not material, because other notes, the validity of which is not questioned, aggregate more than 50 per cent of the paid-up capital of the bank. This note may be entirely disregarded, and still the indebtedness of the stockholders is sufficient to constitute the offense charged."

█ In making the foregoing statement, we overlooked the fact that on the trial of the case the state had elected to rely on the note in question as constituting a portion of the indebtedness of the stockholders to the bank. This being the case, it is material whether such note really evidenced a liability on the part of the purported maker of the note to the bank.

█ The circumstances under which this note was executed and delivered to the Elkton bank are as follows: Among the assets of the bank were certain notes that were either slow or uncollectible. The Security Investment & Mortgage Company was a domestic corporation doing business at Brookings. This company was a stockholder in the Elkton bank and interested in bolstering up the assets of the bank. With this end in view, the president of the company executed and delivered to the bank the $4,000 note in question. When this note was offered in evidence, it was objected to by defendant on the ground, among others, that no proper foundation had been laid. It was not shown that the said corporation had authority to become liable to the Elkton bank under the existing circumstances. Neither was it shown that the president of the corporation had been authorized by the board of directors, by resolution, by-law, or otherwise, to execute the note. Under these circumstances the execution and delivery of the note did not constitute an indebtedness against the corporation. The corporate powers of a corporation can be exercised only by the board of directors. Section 8784, R. C. 1919; Des Moines M. & S. Co. v. Tilford M. Co. 9 S. D. 542, 70 N. W. 839; Wells & Co. v. Sharp,

208 F. 393, 125 C. C. A. 609; North Star B. & S. Co. v. Stebbins, 2 S. D. 74, 48 N. W. 833; 1 Joyce on Defenses to Commercial Paper, § 164. We are aware of the rule that, where an officer of a corporation does an act within the regular scope of the business of such corporation, and the ordinary line of business of such corporation, the corporation will be bound by such act. Merrill v. Hurley, 62 N. W. 958, 6 S. D. 592, 55 Am. St. Rep. 859; Iowa National Bank v. Sherman & Bratager, 17 S. D. 396, 97 N. W. 12, 106 Am. St. Rep. 778. But the gratuitous execution of a promissory note to bolster up the credit of a bank in failing circumstances does not come within this rule. This being a criminal case, it was incumbent upon the state to prove all the ingredients of the crime charged. While it might be, if it were a civil action, that the presumption of delivery would follow from the fact of possession of the instrument, this cannot be indulged in opposition to the presumption of innocence where a material element of a serious criminal charge is involved. People v. Scott, 22 Cal. App. 54, 133 P. 496.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and SHERWOOD, BURCH, and BROWN, JJ., concur.