LAKE MILLS FEED & FUEL COMPANY, Appellant, vs. PETERSON, Respondent.

*April 5—May 1, 1934.*

H. A. *Schmidt* of Lake Mills, for the appellant.

For the respondent there was a brief by *Mistele & Smith* of Jefferson, and oral argument by *Lynn H. Smith.*

WICKHEM, J.   Theron Black is a stockholder and officer of the plaintiff Fuel Company.   This corporation was successor to Mills & Black Company, which was organized in 1926.   On January 21, 1931, one Bodeman bought the Mills stock, and the name of the corporation was changed to that of the present plaintiff.   The practice of the Mills & Black Company, in instances where Mills or Black were indebted to defendant for medical services rendered to them personally, was to offset indebtedness to the corporation against the personal account of Dr. Peterson.   The practice was for the bookkeeper to charge this against the account of the officer involved in any particular transaction.   The attempted set-off in this case is the first instance since the new company was formed where Dr. Peterson had attempted to set off his bill against the coal bill.   Mr. Bodeman disclaimed any knowledge of the practice.   It does appear that Dr. Wendt, a dentist, had had this arrangement with Mr. Black, and that a dental bill was dealt with in this manner.   Upon this evidence defendant shows no right to an offset.

It is contended that plaintiff corporation is bound by some doctrine of ostensible agency or estoppel, arising out of custom.   The contention has no basis in law.   An officer or stockholder of a corporation has no ostensible authority to divert the assets of the corporation to the payment of his debts, nor is there any ground upon which one dealing with him may assume that he has such authority.   The fact that the corporation accepts the situation in so many instances as to give rise to a custom, does not create the basis for an estoppel against the corporation, or give to the person so dealing with the officers a new basis for reliance.   If the continued acquiescence of the corporation conveys any intelligence to the person with whom the officer has dealt, it is

that the officer has successfully abused his corporate duty, and used his official position to secure an individual advantage at the expense of the corporation. This intelligence cannot be the basis for such reliance as would create an estoppel. In view of this conclusion, it is not necessary to consider whether defendant acted or otherwise changed his position in reliance upon the alleged custom.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff in accordance with the demands of the complaint.