249 P.2d 142

COOPER v. INDUSTRIAL COMMISSION.

No. 5643.

Supreme Court of Arizona.

Oct. 27, 1952.

352

Shute · & Elsing, of Phoenix, for petitioner.

Robert E. Yount, of Phoenix, H. S. McCluskey and Robert W. Pickrell, of Phoenix, of counsel, for respondent Industrial Commission.

LA PRADE, Justice.

This proceeding grows out of a writ of certiorari that was issued by this court ordering a review of an award of the Industrial Commission of Arizona, denying the petitioner, John Cooper, compensation as an injured employee.

The record discloses that petitioner received an injury while working at the residence of Mr. Anthony Van Wagenen in Phoenix, Arizona, at which time he was doing carpentry work. At the date of this occurrence Van Wagenen was the president and sole owner of all the shares of stock in an Arizona corporation known as the General Farms Company, which carried a policy of insurance with the Industrial Commission. The corporation was engaged in extensive farming operations, with its principal place of business at Eloy, Arizona. The petitioner was carried on the payroll of the General Farms Company, and at the time of the accident was reported as an employee of the company. However, further investigation disclosed that although petitioner was carried as an employee of the company and was paid by the company, that this bookkeeping operation was for the accommodation of Van Wagenen, and that Van Wagenen's personal account with the company was charged with the wage payments made to petitioner. Van Wagenen, at his residence, had no employees other than domestic help and the petitioner.

The findings of the Commission were:

1. That the injuries sustained by John Cooper on the 17th day of May, 1951 arose out of his employment with a Mr. Anthony Van Wagenen, an individual, and not in the employment of General Farms Company, a corporation.

2. That Van Wagenen, as an individual, did not have in his employ three or more workmen employed in a usual trade business or occupation as defined by law.

3. That it was without jurisdiction.

It is the contention of the petitioner that if the employees of a corporation are insured under the Workmen's Compensation Law, A.C.A.1939, § 56–901 et seq., and one of them is injured while performing work for the sole owner of the corporation, the injured employee is entitled to compensation. This claim is presented under the theory that where there is a unity of ownership between an individual owner and a corporation, the fiction of separate entities is dissolved and the workman is protected under the act. Petitioner claims that this is a case where the corporate veil should be pierced under the theory of the case of Phoenix Safety Investment Co. v. James, 1925, 28 Ariz. 514, 237 P. 958. He also cites the case of Jaabeck v. Theodore A. Crane's Sons Co., 1924, 238 N.Y. 314, 144 N.E. 625, and Associated Theaters v. Industrial Accident Commission, 1922, 57 Cal. App. 105, 206 P. 665.

We feel that this record presents but two questions:

1. By whom was the employee (petitioner) employed?

2. If the petitioner was employed by Van Wagenen, was Van Wagenen an employer subject to the Workmen's Compensation Law?

We are of the opinion that petitioner has no basis for attacking the valid existence of General Farms Company, a corporation. The company's policy of insurance indicates that it was organized under the laws of the State of Arizona, and at all times since has existed and operated as a valid corporation in its dealings with the Industrial Commission.

 The texts and cases that we have examined require more than a mere showing of unity of ownership or interest by the individual in a corporation to permit the penetration of the corporate veil. The Commission found that Cooper was not an employee of the company since there was no showing of any supervision or control and no relationship between Cooper and the company other than a remote and indirect association through one Druding, who was a regular employee of the company (being the employee of the company who actually employed Cooper), and the payment of wages to Cooper by check drawn on the company, for which Van Wagenen was to later reimburse the company. The record discloses that Cooper at no time worked on premises or property belonging to the company. The facts here presented do not fall within the fact situa-

354

tion and rule laid down in Pridgen v. Industrial Commission, 1950, 70 Ariz. 149, 217 P.2d 592. In this case Pridgen was actually an employee of a husband and wife, doing business as Arizona Glass and Mirror Company, and required to perform duties on the ranch of the parties. Such employment on the ranch was contemplated as part of the regular employment of the employees of the company, and was regularly provided for under the policy of insurance by special endorsement covering such ranch operations. It occurs to us that the other cases cited by petitioner are not applicable to this fact situation and offer no assistance. Generally, when a corporate form is urged or carried on for an intent not within the reason and purpose for which it is allowed by law, the form should be disregarded. Whipple v. Industrial Commission, 1942, 59 Ariz. 1, 121 P.2d 876; Phoenix Safety Investment Co. v. James, supra. But where a corporation is operated and maintained for the purpose for which it was incorporated and not as a mere shield of the stockholders, the corporate form of organization cannot be disregarded. Walker v. Southwest Mines Development Co., 1938, 52 Ariz. 403, 81 P.2d 90. These cases point out that there must be evidence to support a finding that a corporation is the alter ego of the sole stockholder before piercing of the veil can be undertaken. The evidence here discloses that the General Farms Company was not organized primarily or at all to become the alter ego of

Van Wagenen. Nor in its operations were any of the characteristics of the "alter ego" manifest so as to subject it to the criticism of the court as in the case of Rice v. Sanger Brothers, 1924, 27 Ariz. 15, 229 P. 397.

We conclude that the evidence and the law applicable sustains the finding of the Commission that the injury sustained by Cooper arose out of his employment with Van Wagenen, an individual, and not in the employment by General Farms Company, a corporation.

Having determined that John Cooper was at the time of his injury an employee of Van Wagenen, we now must determine the status of Van Wagenen as an employer subject to the provisions of the Workmen's Compensation Law. It must be recognized that all employments are not covered by the Workmen's Compensation Law. Section 56-928, A.C.A.1939, as amended, sets forth the employers subject to the provisions of the Workmen's Compensation Law, and so far as applicable here includes

"every person who has in his employ three (3) or more workmen or operatives regularly employed in the same business or establishment, under contract of hire, except agricultural workers not employed in the use of machinery, and domestic servants * * *. For the purposes of this section 'regularly employed' includes all employments, whether continuous throughout the year, or for only a portion of the year, in the usual trade,

business, profession, or occupation of an employer."

The question of "regular employment" was considered by this court in the matter of Marshall v. Industrial Commission, 1945, 62 Ariz. 230, 156 P.2d 729. The question of three or more employees has been decided by this court in the matter of Killebrew v. Industrial Commission, 1947, 65 Ariz. 163, 176 P.2d 925, and the question of insuring all employees of a specific employer has been covered in detail in the case of West Chandler Farms Co. v. Industrial Commission, 1946, 64 Ariz. 383, 173 P.2d 84. However, we find no similarity in the fact situations of these cases as they may relate to the status of John Cooper, an employee of Van Wagenen, an individual.

It was conceded that Van Wagenen was not engaged in the general business of constructing and remodelling of houses at the time of this injury, but at the time of this occurrence was having certain remodelling done at his private residence. These alterations being made on the Van Wagenen residence were certainly only casual or incidental to the home life of Mr. Van Wagenen.

The provisions of Section 56–929, A.C.A. 1939, as amended, under subsection (a) clearly define the terms "employee", "workman" and "operative" as related to the Workmen's Compensation Law, and specifically provide that persons "whose employment is casual and is not in the usual course of trade, business or occupation of the employer" are not encompassed within the terms of "employee", "workman" or "operative".

In his attempt to bring Van Wagenen under the Workmen's Compensation Law as an employer petitioner has alleged that there were three or more persons regularly employed in the same business or establishment (residence), and contends that one of the three employees was Mr. Druding, a regular employee of the company who had theretofore undertaken to do the work at the Van Wagenen home but who did not finish the work due to the fact that he suffered a nonindustrial injury and was unable to complete the employment. In this respect the evidence shows that it was the intention of Van Wagenen to employ only one individual to do the carpentry work, and that when Druding became unavailable Cooper was put on the job. Petitioner suggests that the other two employees were himself and one Oscar Daniels, who was a part-time yardman at the Van Wagenen premises. It appears to us that Daniels was primarily and specifically a domestic servant, falling under another excepted classification in the Workmen's Compensation Law. We are forced to and do conclude that Mr. Van Wagenen was not an employer subject to the Workmen's Compensation Law.

Having concluded that the findings of the Commission, holding that petitioner was not an employee of the General Farms

356

Company, and that Van Wagenen was not an employer subject to the provisions of the act, are sustained by the evidence and record, it follows that the Commission was also correct in denying jurisdiction in the premises.

The award is affirmed.

UDALL, C. J., STANFORD and DE CONCINI, JJ., and W. E. PATTERSON, Judge Superior Court, concurring.

NOTE: Judge PHELPS, being unable to take part in the disposition of this case, the Hon. W. E. PATTERSON, Judge of Superior Court of Yavapai County, participated in his stead in the determination of this appeal.