380 P.2d 782

**Ethel M. LEWIS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Max Placincio, Respondents.**

**No. 7203.**

Supreme Court of Arizona.

En Banc.

April 17, 1963.

Leonard S. Sharman and John Campo, III, Phoenix, for petitioner.

Hunter, Bartlett & Penn, Phoenix, for respondent Placincio.

Donald J. Morgan, Phoenix, James D. Lester, Edward E. Davis, C. E. Singer, Jr., of counsel, Phoenix, for respondent Industrial Commission of Arizona.

JENNINGS, Justice.

This is a certiorari proceeding to review an award of the Industrial Commission granting recovery to the respondent Max Placincio against the petitioner Ethel M. Lewis.

Petitioner, a widow whose sole source of income is the proceeds from the sale of a farm which she and her deceased husband had owned, arranged with her neighbor Mr. Baugher to supervise the remodeling of her home. Mrs. Lewis requested, and Mr. Baugher consented, that he use Max Placincio the respondent and Robert Flores as laborers in the remodeling work. As work progressed other men were hired for specific tasks such as wiring, painting and floor sanding. The work extended over a

period of about three months, during which time the respondent worked continuously.

Respondent was injured by a power saw and filed a claim with the Industrial Commission. The Commission found that at the time of the accident the respondent was employed by petitioner who had in her employ three or more workmen subject to the provisions of the Arizona Workmen's Compensation Act, and that petitioner was not insured against liability for the payment of accident benefits.

Petitioner contends that the Commission erred in assuming jurisdiction in this cause because she, Mrs. Lewis, was not an "employer" within the meaning of A.R.S. § 23–902 for the reason that she did not employ any workmen in the usual course of trade, business, profession, or occupation.[1]

The substance of respondent's argument is that he is a "workman" or "operative" within the meaning of A.R.S. § 23–901(4) (b), which includes every person in the service of any employer subject to the provisions of the Act except a person whose employment is casual *and* not in the usual course of trade, business or occupation of the employer. Respondent contends that his employment was not "casual" and there-fore it is immaterial whether his employment was in the usual course of petitioner's *trade, business or occupation since a finding* of either fact brings him within the Act. However true this contention may be it *misses the point because satisfaction of* A.R.S. § 23–901, defining *employees* covered by the Act, takes him only half way. Section 23–902, defining *employers* covered by the Act, must also be satisfied before the Commission can assume jurisdiction.

■■ In order for an employer to come within the Act A.R.S. § 23–902 requires that his workmen or operatives be "regularly employed." And for the purposes of this section "regularly employed", as defined, includes all employments "in the usual trade, business, profession, or occupation of an employer." This definition inferentially excludes employments which are *not* in the usual trade, business, profession, or occupation of an employer because of the rule of statutory construction *expressio unius est exclusio alterius* which applies in Arizona. O'Malley Lumber Co. v. Martin, 45 Ariz. 349, 43 P.2d 200 (1935). See For-sythe v. Paschal, 34 Ariz. 380, 271 P. 865 (1928).

1. "§ 23–902. Employers subject to chapter
"A. Employers subject to the provisions of this chapter are * * * every person who has in his employ three or more workmen or operatives regularly employed in the same business or establishment under contract of hire, except agricultural workers not employed in the use of machinery and domestic servants. * * * For the purposes of this section 'regularly employed' includes all employments, whether continuous throughout the year, or for only a portion of the year, in the usual trade, business, profession or occupation of an employer."

The facts of this case show clearly that Mrs. Lewis was not engaged in the general business of constructing or remodeling houses and indeed that she had no trade or business whatsoever. Therefore, she was not an employer within the meaning of the Act.

The great majority of cases, regardless of their statutory background, do not apply Workmen's Compensation to construction or work done directly for a private householder. 1 Larson, Workmen's Compensation § 50.21 (1952). This view accords with our own theory of the purpose for Workmen's Compensation as expressed in numerous cases. We have stated repeatedly that its purpose is to place the burden of injury from industrial causes upon industry. Dunlap v. Industrial Comm., 90 Ariz. 3, 363 P.2d 600 (1961). We said in Goodyear Aircraft Corp. v. Industrial Comm., 62 Ariz. 398, 402, 158 P.2d 511, 513 (1945):

"When, through accident arising out of the course of his employment, a worker is injured, he should be allowed due compensation, and the cost for such compensation is a charge against industry to the same extent as repair to a broken machine."

Larson, in his treatise on Workmen's Compensation, states the principle succinctly as follows:

"It has always been assumed, rightly or wrongly, that the cost of compensation protection did not become a burden upon the employer directly, since he· was expected to pass the cost along to the consumer in the price of the product. There are those who argue that this does not go to the essence of the compensation idea, and perhaps does not really work out at all; but the fact remains that for decades the compensation principle has been made acceptable to employers (and, to some extent, also to skeptical courts) on the argument that the cost could be passed along through the medium of insurance whose premiums are reflected in the cost accounts on which the price is based." Larson, supra at 744.

And again:

"It appears then, that whatever the statutory background, the courts will not ordinarily find in the compensation act coverage of work undertaken by a person as, so to speak, a consumer instead of a producer." Larson, supra at 740.

This Court reached a similar result in Cooper v. Industrial Comm., 74 Ariz. 351, 249 P.2d 142 (1952), wherein a workman was injured while remodeling a private residence. The Commission's finding that the employer was not covered by the Act was upheld on the dual grounds that there were not (a) three or more workmen (b) regularly employed.

**328**

For the foregoing reasons the award of the Industrial Commission is hereby set aside.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.