412 P.2d 91

**HITCHING POST LODGE, INC.,**
a corporation, Appellant,

v.

**Frank C. KERWIN and Rita Kerwin,**
Appellees.*

**No. 1 CA–CIV 58.**

Court of Appeals of Arizona.
March 16, 1966.

Rehearing Denied April 27, 1966.

Review Granted May 17, 1966.

John E. Madden and John S. Schaper, by John E. Madden, Phoenix, for appellant.

Richard F. Harless, Phoenix, Paul D. McCormick, Los Angeles, Cal., for appellees.

---

DONALD DAUGHTON, Superior Court Judge.

Appellees, plaintiffs below, brought suit to collect Twenty Thousand Dollars ($20,-

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7892. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

000) from the appellant, defendant below. The case was tried to the Court without a jury. At the close of all of the evidence, judgment was entered in favor of appellee and from this judgment, and the Lower Court's refusal to grant Defendant's Motion for Judgment for the Defendant or for New Trial, this appeal is taken. Appellees have filed a cross-appeal attacking the denial of appellees' Motion to Amend the Complaint to Conform with the Proof.

Plaintiff's Complaint set forth three alternative causes of action. The first cause of action is based on a check for Twenty Thousand Dollars ($20,000) payable to plaintiffs and signed by one Ray C. Gilliland. The second cause of action is based on an Account Stated and the third cause of action is based upon an Open Account. Each cause of action seeks to recover from defendant the sum of Twenty Thousand Dollars ($20,000).

The Lower Court granted Judgment for the plaintiffs and against the defendant on Court One of Plaintiff's Complaint. Plaintiff lodged with the Lower Court a Judgment in Favor of the plaintiff and against the defendant in the sum of Twenty Thousand Dollars ($20,000) plus interest at the rate of 6% per annum from July 18, 1956 (the date of the issuance of the check in question) until paid. Defendant objected to the form of this judgment on the basis that it allowed interest from a date earlier than the date of Judgment. The Lower Court refused to sign the Judgment as so submitted and directed the preparation of a Judgment which allowed interest only from the date of Judgment. This Order was complied with by plaintiff but then plaintiff filed a Motion to Amend Complaint after Order for Judgment. This motion was denied by the Lower Court.

The facts out of which the present action arose are as follows. The plaintiff, Frank C. Kerwin, and Ray C. Gilliland had been acquainted for approximately thirty (30) years and had been involved in business transactions during most of those years. On or about July 18, 1956, Ray C. Gilliland gave the plaintiff a check dated July 18, 1956, made payable in the amount of Twenty Thousand Dollars ($20,000) to plaintiffs. This check was drawn on the corporate account of the defendant, Hitching Post Lodge, Inc., an Arizona corporation. Above the line for signature on the printed check form is printed the name, Hitching Post Lodge. The check was signed simply, Ray C. Gilliland, without any designation as to the capacity in which he signed. At the time the check in question was given to plaintiffs, they surrendered to Ray C. Gilliland an envelope containing evidences of all of Mr. Gilliland's indebtedness to plaintiff. This indebtedness amounted to over Twenty Thousand Dollars ($20,000). At the time the check was given to plaintiffs, Mr. Gilliland asked that it not be presented for payment because there were insufficient funds in the account on which it was drawn to cover it.

Ray C. Gilliland died on January 30, 1957. At that time, the check had never been presented for payment. Plaintiffs submitted a claim to the Gilliland Estate, the claim was rejected and a suit ensued against the Estate based upon the creditor's claim. The Lower Court in that case granted Judgment for the Estate and that Judgment has now been reversed and remanded by the Arizona Supreme Court in the case of Kerwin v. Bank of Douglas, 93 Ariz. 269, 379 P.2d 978 (1963).

The plaintiff, Frank C. Kerwin, testified at the trial that the consideration for the Twenty Thousand Dollar ($20,000) check was two-fold. The first element of consideration was the surrender by plaintiffs of evidences of Mr. Gilliland's personal indebtedness to plaintiffs. This personal indebtedness aggregated more than Twenty Thousand Dollars ($20,000). Many of the personal indebtednesses of Gilliland to the plaintiffs represented indebtednesses incurred prior to the incorporation of the de-

fendant. Secondly, it represented the payment to him for services rendered by him and his wife to the defendant corporation. These services consisted of the defendants managing the Hitching Post Lodge for a period of several months, consultation with Mr. Gilliland concerning matters pertaining to the Hitching Post Lodge and efforts by the plaintiff, Frank C. Kerwin, in consulting various brokers and other persons relative to the sale by Mr. Gilliland of the Hitching Post Lodge. There is no evidence of the value of the services performed by plaintiff for the defendant.

The articles of incorporation of the defendant were issued in September of 1955. Initially, one hundred (100) shares of stock in the defendant were issued to Ray C. Gilliland, one hundred (100) shares of stock to Elsinore C. Machris Gilliland, fifty (50) shares of stock to one Clyde Williams, one share of stock to one L. M. Williams and one share of stock to one C. T. Carpenter. The stock certificate issued to Mrs. Gilliland was endorsed by her to Ray C. Gilliland on July 12, 1956 and was cancelled in the corporate stock book on April 26, 1957. Clyde Williams, L. M. Williams, C. T. Carpenter and Jack Barker each filed formal disclaimers of any right to any property or stock in the defendant corporation on November 3, 1955, and said disclaimers form a part of the corporate records of the defendant. On July 18, 1956, at the time the check in question was given to plaintiffs, Ray C. Gilliland was the only stockholder in the defendant corporation.

■ The evidence presented at the trial was elicited almost entirely from the plaintiff, Frank Kerwin, and the material facts appearing in the record are not, to any degree, in conflict. The ultimate issue to be resolved by this Court is whether the trial Court properly applied the law to these facts. This Court is not bound by the conclusions of law drawn by the trial court but may draw its own legal conclusions from the facts found by the trial court. Sanders

v. Brown, 73 Ariz. 116, 238 P.2d 941 (1952) and the authorities cited therein.

■ It is a well established rule of law that an officer of a corporation cannot write corporate checks or otherwise use corporate funds to pay his personal debts. As stated in Hoffman v. M. Gottstein Inv. Co., 101 Wash. 428, 172 P. 573 (1918):

"Undoubtedly the general rule is that one who receives from an officer of a corporation the notes or securities of such corporation, in payment of, or as security for, a personal debt of such officer, does so at his own peril. Prima facie the act is unlawful, and, unless actually authorized, the purchaser will be deemed to have taken them with notice of the rights of the corporation." (172 P. at 574).

Decisions to the same effect include Reardon Importing Co. v. Security Trust Co., 318 Mass. 304, 61 N.E.2d 535 (1945); First Merchants Nat. Bank & Trust Co. of Lafayette v. Murdock R. Co., 111 Ind.App. 226, 39 N.E.2d 507, 513 (1942); Security Fence Co. v. Manchester Federal S. & L. Assn., 101 N.H. 190, 136 A.2d 910 (1957); Lake Mills Feed & Fuel Co. v. Peterson, 215 Wis. 379, 254 N.W. 536 (1934); State v. Lynch, 52 S.D. 321, 217 N.W. 391 (1927); El Dorado Imp. Co. v. Citizens Bank, 85 Ark. 185, 107 S.W. 676 (1908). Generally, see 2 Fletcher Cyclopedia Corporations, § 477, p. 465.

Every instrument in writing imports a consideration, A.R.S. 44-121. And, every negotiable instrument is deemed prima facie to have been issued for a valuable consideration. A.R.S. 44-424.

■ While it is undoubtedly the law under A.R.S. 44-424, that Kerwin established a prima facie case by introduction of the check in evidence, it is similarly true that the presumption of consideration is one of fact which disappears upon the introduction of evidence showing a lack or failure of

consideration. Suske v. Straka, 229 Minn. 408, 409, 39 N.W.2d 745 (1949). This principle is well stated in In re Custer's Estate, 229 Iowa 1061, 295 N.W. 848, 851 (1941):

"It is a well-settled rule under the Negotiable Instrument Law that, where want of consideration is pleaded and the defendant gives evidence tending to show such want of consideration, the burden is on the plaintiff to show by a fair preponderance of the evidence upon the whole case, that there was consideration."

Defendant in its answer to plaintiff's complaint, alleged failure of consideration on the check in question. The plaintiff, Frank C. Kerwin, under cross-examination by defendant's counsel, admitted that the bulk of the $20,000.00 represented payment of the personal obligations of Gilliland to the Kerwins. The plaintiff, Frank C. Kerwin, did not attribute any dollar value to the portion of the $20,000.00 which he claimed represented payment for services rendered the defendant.

■ Under the facts elicited in the trial of this case, the burden was upon the plaintiffs to either prove that the corporation received adequate consideration for the check, Finder v. Morris Miller & Co., 321 Ill.App. 307, 52 N.E.2d 1023 (1944), or to prove that Gilliland had authority to use corporate funds for his personal benefit, Boyle v. Lewiston Trust Co., 126 Me. 74, 136 A. 292 (1927). We hold that under the evidence presented in the Trial Court in this case, the plaintiffs failed to meet this burden.

The plaintiff, Frank C. Kerwin, testified in the trial on this matter as follows:

"Q   Will you tell us what Exhibit 6 is?

"A   Well, it is a list of some of the accounts of Gilliland.

"Q   Owed by him to you?

"A   Yes, the accounts prior to 1955. The accounts prior to 1955 and then this comprised the whole in-

debtedness that we settled for when Mr. Gilliland gave me this check, this Hitching Post Lodge check, for my claim."

■ Appellees contend that the corporate defendant is merely the alter ego of Ray C. Gilliland and that the corporate structure was properly disregarded by the Lower Court. The only evidence in the record in this regard is that Ray C. Gilliland was the sole stockholder in the defendant at the time the check in question was written. There is no evidence that the corporation was not operated for the purposes for which it was organized. The mere fact that one person owned all of the corporation's stock does not in and of itself justify liability of the corporation under an alter ego theory. Cooper v. Industrial Commission, 74 Ariz. 351, 249 P.2d 142 (1952).

■ We hold therefore, that the Lower Court erred when it entered Judgment for the plaintiffs on the First Cause of Action of Plaintiff's Complaint. In view of the testimony by the plaintiff, Frank C. Kerwin, he performed services for the defendant, and in view of the allegations of the Second Cause of Action (Account Stated) and the Third Cause of Action (Open Account) of Plaintiff's Complaint, we feel that this matter must be remanded to the Lower Court for a new trial on the Second and Third Causes of Action of Plaintiff's Complaint. If at the new trial the plaintiffs can establish a value to be ascribed to the services rendered by them to the defendant under the theory of account stated or open account, plaintiffs will be entitled to a Judgment in said amount. This cause is remanded for the purpose of determining the value, if any, of the services rendered by plaintiffs to the defendant.

In view of this ruling, we find it unnecessary to pass on the question raised by appellee in the cross appeal.

Judgment reversed and remanded for new trial.

CAMERON, Acting C. J., and DONOFRIO, J., concurring.

NOTE: Chief Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge DONALD DAUGHTON was called to sit in his stead and participate in the determination of this decision.