379 P.2d 978

**Frank C. KERWIN and Rita Kerwin, his wife, Appellants,**

**v.**

**BANK OF DOUGLAS, an Arizona corporation duly authorized to carry on banking business in the State of Arizona, Executor of the Estate of Ray C. Gilliland, aka George Chester Gilliland, aka G. Ray Gilliland, Deceased, Appellee.**

**No. 6922.**

Supreme Court of Arizona.

In Division.

March 27, 1963.

Trew, Woodford & Dodd, Phoenix, Paul D. McCormick, Los Angeles, Cal., for appellants.

Hughes & Hughes, John E. Madden, John Geoffrey Will, Charles M. Brewer, Phoenix, for appellee.

BERNSTEIN, Chief Justice.

Appellants, plaintiffs below, brought suit to collect Twenty Thousand Dollars from the estate of Ray C. Gilliland. The case was tried to the court without a jury. At the close of plaintiffs' case judgment was entered in favor of appellee, defendant below, and from this judgment, plaintiffs appeal.

Plaintiffs' claim is based on a check for Twenty Thousand Dollars payable to them

and signed by the decedent. Above the line for signature is printed the name of a corporation owned by decedent.[1] Mr. Gilliland died before the check was cashed, and plaintiffs then filed a creditor's claim against his estate for the amount of the check. The claim was rejected by the executors.

At the trial plaintiffs offered the check in evidence and defendant objected, on the grounds no foundation had been laid since plaintiffs' testimony as to the signature was barred by the Dead Man's Statute, A.R.S. § 12–2251, and the check, bearing the name of a corporation, was not evidence of an individual's debt and was therefore immaterial. The trial court sustained defendant's objections and refused to admit the check.

The Arizona Dead Man's Statute, insofar as pertinent, precludes a party to an action against an estate from testifying to "transaction with or statement by" the decedent. The trial court ruled that the Dead Man's Statute prevented plaintiff from testifying that the signature on the check was that of decedent. Without this evidence plaintiff could not make a prima facie case. The trial court also ruled that plaintiff could not testify that decedent gave him the check. This, however, would not impair plaintiffs' case, since a valid delivery is presumed between the original parties to a negotiable instrument until the contrary is proved. A.R.S. § 44–416.

We hold that the rulings of the trial court were erroneous. The authorities generally agree that under statutory provisions similar to our own, testimony as to matters independent of the actual transaction, although material to the case is admissible. In re House's Estate, 145 Neb. 866, 18 N.W.2d 500, 159 A.L.R. 401 (1945). The statute was not intended to place an absolute prohibition on all testimony by parties to the action, but on the contrary, was meant to limit incompetency to matters involving a transaction with or statement by the deceased.[2] Such matters, it is assumed, are of a nature that the deceased would contradict them, if he were alive, and it is thought that to admit evidence which the estate may not be able to rebut will result in injustice. On the other hand, testimony bearing on the genuineness of a

---

1. Counsel for plaintiffs made an avowal to the court that the two shareholders in this corporation had nothing to do with its operation and that decedent "operated the corporation as general manager and in effect for and by and on behalf of himself as an individual."
2. McCormick, Law of Evidence Handbook (1954) § 65 at 142. Professor McCormick points out that at common law all parties were disqualified from testifying at trial. This made it necessary for the adoption of statutes which would abolish the disqualification. The Dead Man's Statutes, therefore, are an exception to the general rule that a party is competent to testify in his own behalf and as an exception will be strictly construed in favor of admitting testimony.

signature falls in the category of opinion evidence relating to an independent fact. While it is unquestionably material in an action on a negotiable instrument, it does not qualify as either a transaction or a statement. In re House, supra. In our view, such testimony does not come within the prohibition of the statute and is therefore admissible.[3]

It is defendant's position that the check is evidence of a corporate obligation. Above the line for signature are printed the words "Hitching Post Lodge, Inc." The signature, however, does not indicate in what capacity the maker intended to sign. The Negotiable Instruments Law, A.R.S. § 44–420, does not provide a conclusive answer in this situation.[4] The plain meaning of an integrated written contract cannot be varied by parol evidence. But where the meaning is ambiguous, extrinsic evidence may be offered to bring out the true intention of the parties. Gerber v. Cook, 90 Ariz. 390, 368 P.2d 458 (1962). We think that there is ambiguity on the face of the instrument in question, creating a neces-sity for the admission of parol evidence. We refer to Britton, Bills and Notes (1943), § 164 at 785:

"[There is a] * * * group of cases * * * illustrated by signatures in the form: 'P. Company, A.' With respect to these cases, under the N.I.L., the general rule is that where an agent with authority to sign his principal's name, signs his own name and does not add to his signature any words indicating that he is acting in a representative capacity, but the instrument does set forth, either immediately above the signature of the agent or elsewhere thereon the name of a third party, in an action by the payee against the signer, the latter is presumptively liable personally but that parol evidence is admissible to show that such signer was the agent of the party whose name was thus set forth and to show that the signer intended not be [sic] bind himself."

Thus defendant's objection as to the materiality of the check was not well taken.

3. There is a body of authority in Arizona for the proposition that it is within the discretion of the trial court to admit testimony pertaining to transactions or communications that ordinarily could not come in under the statute. See, e. g., Goff v. Guyton, 86 Ariz. 349, 346 P.2d 286; Stewart v. Schnepf, 62 Ariz. 440, 158 P.2d 529; Goldman v. Sotelo, 7 Ariz. 23, 60 P. 696. These cases are to be distinguished from the case at bar. Here we are not dealing with evidence admissible only in the discretion of the trial judge, but with evidence wholly outside of the statute.

4. "Liability of person signing as agent, etc.
"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; * * *".

There is no evidence to support defendant's version of decedent's intention in signing it.

 Although the foregoing is dispositive of this appeal, we will take up two other points raised in the briefs in order to expedite the retrial. Plaintiffs called as a witness a long time friend of the decedent. The witness testified that he had seen the decedent execute a promissory note for Four Thousand Dollars and deliver it to the plaintiff. Plaintiffs urge that judgment should not have been rendered against them at the end of their case because this uncontradicted testimony showed the existence of some indebtedness owing them from the decedent, at least in the sum of Four Thousand Dollars. Later in the trial, however, plaintiff himself testified that he returned this note and other papers to the decedent. He was permitted to testify that on the day the check for $20,000 was executed, he physically delivered to the decedent the $4,000 note and other documents representing amounts he had advanced to the decedent over a period of years. The trial judge ruled within his discretion that he could testify to what he did physically with the note and other documents, but that he could not testify to any other transaction had with the decedent. Since there is no showing that the trial judge abused his discretion we will not disturb his ruling. See footnote No. 3, supra.

Defendant argues that plaintiffs did not present their claim within the statutory time. His argument ignores the fact that this matter is one of affirmative defense to be pleaded and proved by the defendant. Ariz.R.Civ.P. 8(d), 16 A.R.S. Plaintiffs' evidence was sufficient to make a prima facie case that the claim was timely presented.

Reversed and remanded for a new trial.

STRUCKMEYER and JENNINGS, JJ., concurring.