**Paula Bates BARRETT, Appellant,**

v.

**Esther BYRNES et al., Appellees.**

**No. 2494.**

Supreme Court of Alaska.

Dec. 3, 1976.

As amended on Rehearing Granted
Feb. 17, 1977.

Richard Brown of Alaska Legal Services Corp., Anchorage, for appellant.

Helen L. Simpson, Juliana D. Wilson of Wilson & Wilson, Anchorage, for appellees.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

PER CURIAM.

This case was previously before this court,[1] and at that time we remanded for a new trial based on the failure of the trial court to grant a continuance. Thereafter an amended complaint was filed setting forth additional claims against appellee-defendants for fraud and breach of fiduciary duty arising from the assignment of rights to the appellant by the original seller of the property in question. No responsive pleadings to the amended complaint were filed by appellees.

The trial court later found the new causes of action, which were set forth in the amended complaint, to be barred by the statute of limitations. We reverse, for we find under the facts of this case the statute of limitations was not raised by appellee-defendants as an affirmative defense as required by Alaska Rule of Civil Procedure 8(c)[2] since the appellees did not file re-

1. *Barrett v. Gagnon*, 516 P.2d 1202 (Alaska 1973).

2. Alaska Rule of Civil Procedure 8(c) reads:
   (c) *Affirmative Defenses.* In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

sponsive pleadings to the appellant-plaintiff's amended complaint.

■ While the appellees concede that the statute of limitations defense was not pled, they seek to circumvent the problem brought about by this failure to plead a defense by utilizing Alaska Rule of Civil Procedure 15(b), which reads in part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

However, we find this rule to furnish no relief to the appellees insofar as the statute of limitations defense is concerned, for we note that the statute of limitations defense was not raised prior to trial or in the opening statements of the appellee,[3] but rather for the first time after the appellant had rested her case.[4]

The issue was only then introduced into the proceedings by the trial judge without prior notice.[5] Under such circumstances we do not find an implied consent for the amendment of the pleadings under Civil Rule 15(b) which would permit the adjudication of this issue.[6] Therefore, we find the statute of limitations defense waived in that it was not properly put into issue. Accordingly, we remand to the trial judge for a re-opening of this case to the extent that is required by this opinion.[7]

REVERSED AND REMANDED.

By failing to raise the statute of limitations as required by Civil Rule 8(c), it was waived by operation of Alaska Rule of Civil Procedure 12(h), which reads:

(h) *Waiver of Defenses.* A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. The objection or defense, if made at ,the trial, shall be disposed of as provided in Rule 15(b) in the light of any evidence that may have been received.

The Alaska rules are the same as Federal Rules of Civil Procedure 8(c) and 12(h). For authority interpreting the federal rules in a similar manner, see *Wagner v. Fawcett Publications*, 307 F.2d 409, 412 (7th Cir. 1962), *cert. denied*, 372 U.S. 909, 83 S.Ct. 723, 9 L.Ed.2d 718 (1963); and *Van Sant v. American Express Co.*, 169 F.2d 355, 372 (3d Cir. 1947).

3. Trial transcript, pages 94–97, opening statement for Gagnon; trial transcript, page 98, opening statement for Byrnes.

4. Trial transcript, page 150.

5. The issue was raised by the trial judge during an argument by defendant, following ,the presentation of the plaintiff's case (trial transcript, page 151).

6. We further note appellees did not make, nor did the trial judge order, the amending of the pleadings to include this affirmative defense.

7. Because of the substantial interrelation present among the numerous counts of the plaintiff's complaint, it will be necessary for the trial court to examine the possibility of prejudice to the plaintiff insofar as the erroneous ruling may have affected the issues actually tried.

Further, in the interests of judicial economy, the trial court shall make specific findings on the issue of whether defendant Byrnes owed a fiduciary duty to Paula Barrett, the extent of any duty so found, whether or not there was a breach of any duty found, and any damages if a breach is found.