**Application of John D. KENNELLY, and all others similarly situated for Admission to the Practice of Law in the State of Alaska and Membership in the Alaska Bar Association.**

**No. 3145.**

Supreme Court of Alaska.

Aug. 12, 1977.

John D. Kennelly, pro se.

Edgar P. Boyko, Anchorage, for appellant.

Kenneth D. Jensen, Jensen, Harris & Roth, Anchorage, for appellee Alaska Bar Association.

Before BOOCHEVER, Chief Justice, CONNOR and BURKE, Justices.

## OPINION

CONNOR, Justice.

John D. Kennelly has appealed from the decision of the Board of Governors of the Alaska Bar Association refusing to admit him to the practice of law. He failed the bar examination held in February 1974, but alleges that for several reasons the examination did not give him an adequate and fair opportunity to demonstrate his legal abilities.[1]

The Alaska bar examination consists of three parts: an essay examination consisting of a portion of the California examination; an Alaska essay examination and the multi-state multiple choice test.

### I

First, he argues that the bar association's use of essay examination questions prepared by the State Bar of California for the California bar examination, violates section 3 of Alaska Bar Rule I–1. This section reads in full as follows:[2]

"The Board shall examine or provide by contract or otherwise for the examination of all applicants for admission to the practice of law and shall determine or approve the time, place, scope, form and content of all bar examinations. Bar examinations may, in whole or in part, be prepared, administered and graded by or in cooperation with other states or the National Conference of Bar Examiners

---

1. The long delay in this proceeding, which was not filed in this court until almost three years after the examination in question, was largely due to several disputed discovery motions filed by Kennelly and opposed by the bar association. These discovery matters are not at issue on this appeal.

2. In the rule, "Board" refers to the Board of Governors of the Alaska Bar Association, and "Committee" refers to the Committee of Law Examiners appointed by the board.

consistent with standards fixed or approved by the Board acting with the advice of the Committee of Law Examiners. No contract or cooperative agreement for the preparation, administration or grading of a bar examination shall operate to divest the Board of its authority (1) to cause the Committee to review any examination, and (2) independently to determine the eligibility of an applicant to be admitted to the practice of law. The Board or any member thereof may require an applicant to appear before the Board, a committee or a master appointed by the President for such purpose, at such times and places as may be required, for oral examination and to furnish any such supplemental information or evidence in such form as may be required."

Kennelly stresses that this rule directs the Board of Governors of the Alaska bar to "determine or approve the . . . scope, form and content of all bar examinations." He argues that the Alaska bar's practice of reviewing the California questions only after they are given does not comply with this rule.

However, another portion of this rule gives the Alaska bar broad discretion to use examination material from other states: "Bar examinations may, in whole or in part, be prepared, administered and graded by or in cooperation with other states." The Alaska examiners review the results of each California examination after it is given to determine whether it is in their judgment a fair and accurate test of legal ability and knowledge.

The answers of Alaska applicants to the California questions are initially graded in California. The Alaska examiners regrade them only if the applicant's aggregate score is between 65 percent and the passing grade of 70 percent. Kennelly's score was below 65 percent so his papers were not regraded in Alaska.

■ The rule provides that the board may not, by contract with another state, divest its authority "to cause the Committee to review any examination." Assuming arguendo that the review contemplated by this rule must take place before, not after, the examination is administered, the bar's procedure does not violate this rule. The rule merely states that the board must retain this authority; it does not require that the board actually exercise it. Nor does it require that each applicant's answers be graded or reviewed in Alaska; the rule expressly permits grading by examiners in other states.

■ The board does not abuse its discretion by contracting, as permitted by this rule, to take advantage of the larger quantity of time, money, expertise and experience available to the California bar examiners, who annually examine a number of applicants many times larger than the total membership of the Alaska Bar Association. We conclude that the Alaska procedure in connection with use of California examination questions does not violate the Alaska bar rules.

## II

The Alaska bar uses only a portion of the essay questions which are given to California applicants. The Alaska examiners eliminate those questions which are to be answered in accordance with California law, rather than in accordance with legal principles of general application. They also delete entirely one of the three California essay sessions in order to allow time to administer a series of questions on Alaska law. Kennelly alleges that this violates the Alaska bar's duty to give a "comprehensive" bar examination, a duty he argues that we imposed in *Application of Steelman*, 448 P.2d 817, 820 (Alaska 1969).

*Steelman* is not apposite. There, we held that an attorney who had been admitted to the Montana bar by "diploma privilege" had not "passed a state bar examination" as required by the Alaska reciprocal admission rule, and therefore was not entitled to admission by reciprocity in Alaska. We interpreted this requirement of the reciprocity rule to mean that the applicant must have passed "a final, impartial, non-identity, comprehensive test of the applicant's fit-

ness to practice law." We noted in *Steelman* that the bar exam, unlike law school exams, required the examinee to identify for himself the subject area with which the question dealt, and was prepared and graded by active practitioners. The partial California essay exam used by Alaska meets those criteria.

The bar does not claim that the California section in and of itself is "comprehensive"; it is only two-fifths of the full exam.

Kennelly also argues that the California questions were not "comprehensive" because the eight selected California questions included in the Alaska examination he took did not cover all the subjects which the California examination as a whole purports to cover. He was not given an opportunity to demonstrate his understanding of several basic fields of law.

But any given bar examination need not cover all conceivable legal subjects. Many attorneys devote a large portion of their practice, for example, to federal and state taxation, labor-management relations, or administrative law. None of those subjects is included on the Alaska bar examination. Applicants with particular interest in and knowledge of these fields have no opportunity to demonstrate their mastery of them on the bar examination.

Kennelly seems not to object to the Alaska law portion of the examination which he took. But it required him to answer questions on only three of the four subjects within its announced coverage.

In determining whether the examination is "comprehensive," we must view it as a whole; we cannot single out portions and expect them to be in and of themselves comprehensive. We conclude that the entire bar examination administered to Kennelly was a comprehensive examination satisfying the criteria we laid down in *Steelman*.[3]

## III

Kennelly's final argument is that the bar's alleged policy, prohibiting an applicant from simultaneously appealing his failure to pass one examination and taking a subsequent examination, violates the due process clause of the Constitution. At oral argument, counsel for the bar advised us that it has been the practice of the Board of Governors to dismiss an appeal from a prior examination when the appellant filed an application to take a subsequent examination.

We find it unnecessary to consider this point, because we are informed that the bar has granted Kennelly permission to take the July 1977 bar examination, even if this appeal is still pending at that time. It is unclear from the information before us whether the bar has abandoned this policy entirely, or merely granted Kennelly a special exception from it. In either event, Kennelly is no longer aggrieved by this policy.[4]

AFFIRMED.

---

**3.** In his reply brief in this court, Kennelly for the first time argues that he should be required to retake only those individual parts of the examination which he has failed, rather than being required to take the entire examination again because his total score was below the passing mark. In accordance with usual appellate practice, we will not consider an argument raised for the first time at such a late stage of the proceedings. Appellate Rule 9(e), *Lumbermens Mut. Cas. Co. v. Continental Cas. Co.*, 387 P.2d 104, 112 (Alaska 1963).

**4.** While it is not necessary to the decision of this case to pass on Kennelly's due process argument, we do express our disapproval of any policy which would frustrate a right to review of agency action assailed as erroneous by imposing special burdens only on those who exercise that right. *See Leege v. Martin*, 379 P.2d 447, 452–54 (Alaska 1963).

Although this case is captioned "In the Matter of the Application of John D. Kennelly, and All Others Similarly Situated," it has not been certified as a class action. As did the Board of Governors of the Alaska Bar Association, we address only the issues presented by Mr. Kennelly's own circumstances.