Application of Rhonda F. BUTTER-FIELD, for Admission to the Practice of Law in the State of Alaska and Membership in the Alaska Bar Association.

No. 3584.

Supreme Court of Alaska.

July 14, 1978.

Lloyd I. Hoppner, Rice, Hoppner & Hedland, Fairbanks, for appellant.

William W. Garrison, Alaska Bar Ass'n, Anchorage, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ and BURKE, JJ.

OPINION

BURKE, Justice.

Rhonda F. Butterfield appeals from an order of the Board of Governors of the Alaska Bar Association ("the Board") refusing to regrade the Alaska essay portion of her February, 1977, Alaska Bar Examination. The appeal was filed as a class action but no certification of the class was obtained as required by Rule 23, Alaska R.Civ.P.[1] Therefore, our opinion is limited to consideration of the issues as to Butterfield alone.

I

Appellant's arguments are comprehensible only if one understands the grading procedures utilized by the Board, which is charged with the responsibility for administering and grading the Alaska Bar Examination.[2] The Alaska Bar Examination con-

---

1. Rule 23, Alaska R.Civ.P., provides in pertinent part:

   (c) *Determination by Order Whether Class Action to Be Maintained—Notice—Judgment—Actions Conducted Partially as Class Actions.*

   (1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

2. Alaska Bar Rule 1, § 3, provides:

   The Board shall examine or provide by contract or otherwise for the examination of all applicants for admission to the practice of law and shall determine or approve the time,

place, scope, form and content of all bar examinations. Bar examinations may, in whole or in part, be prepared, administered and graded by or in cooperation with other states or the National Conference of Bar Examiners consistent with standards fixed or approved by the Board acting with the advice of the Committee of Law Examiners. No contract or cooperative agreement for the preparation, administration or grading of a bar examination shall operate to divest the Board of its authority (1) to cause the Committee to review any examination, and (2) independently to determine the eligibility of an applicant to be admitted to the practice of law. The Board or any member thereof may require an applicant to appear before the Board, a committee or a master appointed by

sists of three separate parts: (1) the Multi-State Bar Examination which constitutes two-fifths of the examination; (2) California Bar Examination essay questions which make up another two-fifths of the examination; and (3) essay questions concerning Alaska law which account for the remaining one-fifth of the examination. An overall score of 70% is required to pass the examination. Alaska Bar Rule 4, § 6.

The California portion of the examination is sent to California where the answers to each question are graded by one person. In contrast, the answers to each of the Alaska essay questions are graded, in Alaska, by two graders. If there is a significant disparity between the grades assigned to an Alaska essay, a third grader reviews the essay to resolve the difference. Pursuant to Regulation 8 of the Regulations Concerning Grading of Examinations,[3] the California essays of those receiving an overall score of 65–70% are regraded by Alaska graders. The Board has no similar regrading procedure for the Alaska essays.

Butterfield received an overall score of 68.9% upon the first grading of her examination. Upon the regrading of her answers to the California essay questions, as provided by Regulation 8, her overall score increased to 69.6%, still a failing score. In spite of the Board's policy not to regrade the Alaska essays, Butterfield petitioned the Board requesting that that portion of her examination also be regraded. In her petition she alleged that the Board's policy of not regrading the Alaska essays was arbitrary and an abuse of the Board's discretion. She further alleged that the Board's policy denied her due process and equal protection of the law. The Board

denied her petition to regrade the Alaska essays. By this appeal, appellant seeks an order that her February, 1977, Alaska essays be regraded.

## II

■ Butterfield contends that the Board's refusal to regrade the Alaska portions of her examination denied her due process and the equal protection of the law. Because appellant's rationale for each of these arguments is identical, the two issues will be treated together.

The question presented by appellant's equal protection argument is whether the Board's policy by which those with an overall examination score between 65 and 70 receive a regrading of their California examination questions but not of their Alaska questions, bears a fair and substantial relation to the purpose of examining applicants, when the means used and the reasons advanced therefore are closely scrutinized. *Isakson v. Rickey*, 550 P.2d 359 (Alaska 1976).

For the due process clause to apply there must be "state action and the deprivation of an individual interest of sufficient importance to warrant constitutional protection." *Nichols v. Eckert*, 504 P.2d 1359, 1362 (Alaska 1973). Butterfield argues that the pursuit of a career in law is an interest worthy of constitutional protection and that the action of the Board constitutes state action. Appellant concludes her due process argument asserting that the Board's policy of reappraising the California essays and not the Alaska essays denies her due process of law because it bears no rational connection

the President for such purpose, at such times and places as may be required, for oral examination and to furnish any such supplemental information or evidence in such form as may be required.

**3.** Alaska Bar Regulation 8 provides:

Scores received on the California essay portion of the examination will be reappraised by the graders

if the applicant's weighted combined score (total essay plus MBE) falls between 65 and 70 percent; or

if the applicant's weighted total essay score is 65 or greater.

Two graders will be assigned to each borderline applicant to reappraise the California essay examinations. Each grader will assign one grade for all answers. The two grades will be averaged to determine a final reappraisal score that will then be weighted and averaged with the Alaska essay and MBE scores.

to determining minimal competence to practice law.[4]

In support of her position that the Board's policy satisfies neither the equal protection test of *Isakson v. Rickey, supra,* nor the requirements of due process, Butterfield contends that the sole reason for regrading the California essays is a sense of mistrust of the California graders. She argues that such mistrust is without support or foundation; that a vague sense of mistrust is insufficient justification for treating the California exam questions differently from the Alaska questions; and that therefore the Board's policy of regrading only the California exams is arbitrary.[5]

Appellant concludes her argument for finding the Board's policy violative of equal protection and due process requirements by asserting that the Board's policy appears to be particularly arbitrary in light of the Board's position in *Application of Kennelly,* 567 P.2d 301 (Alaska 1977). In *Kennelly* we concluded that by contracting with California for the supply of California questions and the grading of the California essays, the Board had not violated the rule [6] requiring that it retain authority over testing. We agreed with the Board that it was within its discretion "to take advantage of the . . . expertise and experience available to the California bar examiners . . ." *Id.* at 303. Butterfield contends that the Board's mistrust of California graders contradicts the Board's assertion of reliance on their expertise as set forth in *Kennelly.* She points to this alleged contradiction as support for her argument that the Board's policy is arbitrary.

We find no merit in appellant's arguments. The only support Butterfield sets forth for her argument that the regrading of the California essays is conducted out of a sense of mistrust is a quotation from the deposition of one of the Alaska graders of the bar exam. The quotation upon which appellant relies is taken out of context and reading the quotation as a whole, it is clear that appellant's interpretation is untenable. The quote in no way suggests that the Board mistrusts the California graders.

Similarly appellant's contention that the regrading procedure contradicts the Board's position in *Kennelly* does not survive scrutiny. As we noted in *Kennelly,* the Board is given broad discretion to conduct and grade the bar examination. The Board does not regrade all of the California essays. It regrades only those of applicants receiving an initial overall score of 65–70%. Appellant has not challenged that classification nor does she suggest that the members within that group are treated differently. The Board continues to rely on the expertise of the California graders for the grading of those exams with scores of less than 65% and more than 70%.

We think it entirely reasonable for the Board to have a reappraisal policy of the California essays for those candidates on the borderline of passing in light of the fact that without reappraisal, the California essays would be graded by only one grader. This double-check ensures that a single California grader does not assess a candidate's essays too harshly. It seems reasonable to assume that such an occurrence would have a significant effect only in the case of candidates on the borderline so that a review of the California essays of those in the borderline group is entirely justified. The same danger does not exist as to the Alaska questions because they are reviewed initially by at least two graders.

Because we conclude that the Board's policy is a reasonable grading procedure and consistent with the Board's broad grant of authority to examine and grade applicants for admission to the Alaska Bar, we hold that appellant was not denied due

---

4. Butterfield does not contend that she was denied procedural due process as required by *Application of Peterson,* 459 P.2d 703 (Alaska 1969), as she pursued her *Peterson* remedies including the opportunity to compare her exam with model answers.

5. Appellant does not suggest, however, that the Board discontinue regrading the California essays of the applicants with scores of 65–70% in order to achieve consistency.

6. *See* note 2, *supra.*

process of law. Similarly we conclude that the Board's policy satisfies the requirements of equal protection as enunciated in *Isakson*.[7]

■ Appellant premises her final challenge to the Board's regrading policy on a slightly different aspect of the regrading procedure. Upon regrading the California essays, the Alaska graders may apply what is called the "whole person" concept. The "whole person" concept comes into play if the grader, upon totalling the separate California essay scores, feels that the number does not accurately represent the applicant's performance on the California essays. Under those circumstances the grader, in his or her discretion, may increase the score of the applicant.

Butterfield contends that the policy of not regrading Alaska essay questions denies applicants the possibility of an increase from the application of the "whole person" concept to their Alaska scores. She concludes that the denial of this possibility is an abuse of discretion.[8]

We are unconvinced by appellant's argument. As we noted previously, the grant of authority given the Board to conduct and grade the bar exams is broad. A certain amount of flexibility is required in order for the graders to assess fairly the performance of applicants. The occasional application of the "whole person" theory appears to be well within the sort of flexibility required to perform the grading task fairly. We cannot agree with appellant that the occasional application of this theory to the California essays and the refusal to apply it to the Alaska essays rises to the level of an abuse of discretion.

AFFIRMED.

CONNOR and MATHEWS, JJ., not participating.

7. Our conclusion that the circumstances in this case satisfy both the equal protection and the due process tests is not meant to suggest that in all cases the tests are co-extensive.

8. The graders do not have information as to the names of those taking the examination, and it is not contended that the selection of applicants for application of the "whole person" concept is made on an arbitrary basis dependent upon the identity of the examinee.