Amelia E. HITT as Personal Representative of the Estate of Vance R. Hitt, Appellant,

v.

J. B. COGHILL, INC., an Alaskan Corporation, d/b/a Coghill Oil Company, Appellee.

No. 5727.

Supreme Court of Alaska.

March 5, 1982.

Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellant.

Paul A. Barrett, Call, DeWitt & Barrett, Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

AS 13.16.460(a)(1) provides that all claims against a decedent's estate arising before his death are barred unless presented within four months after the date notice to creditors is first published in a newspaper

of general circulation.[1] Appellant plead this statute as an affirmative defense in her answer to appellee's complaint. However, because of her non-compliance with a pretrial order requiring the exchange of exhibits and witness lists, she was precluded at the trial from presenting proof of the date of the first publication of notice to creditors.[2] As a result, no proof at all was presented on the point. The trial court ruled that the burden of producing this evidence lay with the appellant and entered judgment for the appellee.

██ Reliance on a statute of limitations is ordinarily an affirmative defense which must be pleaded and proved by the defendant. *Barrett v. Byrnes*, 556 P.2d 1254 (Alaska 1976); Alaska Rule of Civil Procedure 8(c); *Gideon v. Gates*, 5 Kan.App.2d 23, 611 P.2d 166, 167 (1980). Appellant argues that this rule does not apply to this case because § 460(a)(1) is a special type of statute of limitations. She contends that it is properly termed a nonclaim statute, and, with respect to it, the "[f]ailure to comply with the required conditions precedent bars the right of action itself, and does not bar only the remedy as would be the case with a statute of limitations."

Statutes such as § 460 are commonly called nonclaim statutes. There is authority holding that the burden of establishing compliance with them falls on the claimant.[3]

[I]f the claim is barred either by failure to present it in time or failure to begin suit within the time limited after rejection, the plaintiff is not entitled to succeed. Whether or not the representative has pleaded such matters, plaintiff has the burden of establishing seasonable presentment, the fact of rejection of his claim, and that his action was brought within the statutory period after rejection of such claim; and the plaintiff accordingly fails if he cannot sustain that burden. The nonclaim statutes do more than withhold the remedy. If they are not complied with, the claim itself ceases to exist, and the limitation is thus in bar rather than in repose.

3 Bancrofts Probate Practice § 895, at 732–33 (2d ed. 1950) (citations omitted). There are, however, also cases which hold that the bar of a nonclaim statute is an affirmative defense to be pleaded and proved by the estate. *Kerwin v. Bank of Douglas*, 93 Ariz. 269, 379 P.2d 978, 981 (1963); *Raymond v. Bailey*, 98 Conn. 201, 118 A. 915, 918 (1922); *Lewis Marine Supply, Inc. v. Hurt*, 357 So.2d 252 (Fla.App.1978); *Stern v. First National Bank of South Miami*, 275 So.2d 58 (Fla.App.1973); *Savannah Bank & Trust Co. v. Meldrim*, 195 Ga. 765, 25 S.E.2d 567 (1943); *Saporita v. Litner*, 371 Mass. 607, 358 N.E.2d 809, 816–17 (1976); *In re*

1. AS 13.16.460(a) provides in relevant part:

All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision of it, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(1) within four months after the date of the first publication of notice to creditors if notice is given in compliance with § 450 of this chapter; however, claims barred by the nonclaim statute at the decedent's domicile before the first publication for claims in this state are also barred in this state; ...

AS 13.16.450 provides:

*Notice to creditors.* Unless notice has already been given under this section, a personal representative upon his appointment shall publish a notice once a week for three successive weeks in a newspaper of general circulation in the judicial district announcing his appointment and address and notifying creditors of the estate to present their claims within four months after the date of the first publication of the notice or be forever barred.

2. Appellant's trial counsel also failed to appear at the pre-trial conference, a dereliction which was referred to by the court when it entered the order of preclusion. Under Civil Rule 16(d)(1) a pre-trial judge may respond to such a failure by acting "as in the case of a non-appearance at trial."

3. *E.g. In re Estate of Plank*, 32 Colo.App. 126, 509 P.2d 812 (1973); *Beach v. Mizner*, 131 Ohio St. 481, 3 N.E.2d 417 (1936); *Mann v. Redmon*, 27 N.D. 346, 145 N.W. 1031 (1914).

*McCleneghan's Estate*, 145 Neb. 707, 17 N.W.2d 923 (1945).

 There is little reason to choose one rather than the other of these conflicting lines of authority. In the case of a typical statute of limitations it has been suggested that the burden is placed on the defendant because such defenses are disfavored since they may result in the forfeiture of otherwise meritorious claims. McCormick, Evidence § 337, at 786–87 (1972). Section 460(a)(1) causes forfeitures in the same way as any other statute of limitations and we see no reason to treat the allocation of the burden of producing evidence differently. Accordingly, we adhere to those authorities which interpret probate nonclaim statutes as placing the burdens of pleading and proof on the estate.

Appellant challenges the propriety of the order precluding her from calling witnesses or filing exhibits. She contends that she failed to do so because she believed that the burden of producing evidence would be on appellee and argues that the penalty imposed is too harsh for a mistake of this sort. We do not accept this argument.

Appellant pled the bar of § 460 as an affirmative defense. We had previously recognized the general rule in civil cases that one who pleads an affirmative defense has the burden of proving it. *Skagway City School Board v. Davis*, 543 P.2d 218, 222 (Alaska 1975). The observation which we made in *Skagway* is also applicable here: "Having pleaded appellee's noncompliance ... [appellant] cannot seriously object to proving it by the usual quantum of proof...." *Id.* at 224.

 Appellant did not merely miss the deadlines for witness lists and the exchange of exhibits by a few days; she never complied. She has made no showing either before the trial court or this court sufficient to excuse her failure. Under these circumstances we cannot conclude that the court

abused its discretion in entering the order of preclusion.[4]

AFFIRMED.

---

**4.** Appellant set forth other grounds for reversal in her statement of points on appeal, one of which she argued in her reply brief, but argued none of them in her opening brief. Accordingly, these points are waived. Appellate Rule 212(c)(1) and (3); *Application of Kennelly*, 567 P.2d 301, 304 n.3 (Alaska 1977); *Wetzler v. Wetzler*, 570 P.2d 741, 742 n.2 (Alaska 1977).