**Maurice F. STANTON, d/b/a Silverado Industries, and Marilyn W. Stanton, Appellants,**

**v.**

**Helmut FUCHS, d/b/a Fuchs Electric, Appellee.**

**No. 6273.**

Supreme Court of Alaska.

March 25, 1983.

John Anthony Smith, Smith & Gruening, Inc., Anchorage, for appellants.

Jeffrey H. Roth, Jensen, Harris & Roth, Anchorage, for appellee.

OPINION

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

PER CURIAM.

Helmut Fuchs, doing business as Fuchs Electric, sued Maurice Stanton, doing business as Silverado Industries, for approximately $22,000.00 allegedly owed for electric work done by Fuchs on Stanton's commercial building. The superior court entered a judgment for Fuchs in the amount sought, plus pre-judgment interest, costs and attorney's fees. Stanton appeals from the judgment. For the reasons set forth below, we affirm.

Stanton's principal argument is that the superior court erred in concluding that Fuchs had not executed a binding release of his claims against Stanton. Stanton argues that this release occurred when Fuchs endorsed interim payment checks issued by the construction lender, AMFAC. All of the checks contained the following language: "Delivery and payment of this check is upon condition that endorsement hereof includes all terms on the reverse hereof and acknowledges receipt in full through [specified date] for labor performed and/or materials supplied to construct improvements at [the building] except for a withhold of $ none ." The reverse side of the final three checks issued by AMFAC to Fuchs stated as follows:

By the endorsement of this check, Payee(s) hereby fully releases and waives all mechanics' lien and equitable lien rights, and any other claims, demands and actions known or unknown of any type or kind arising out of or related to the work furnished to the date and on the job address referred to on the face of this check.

Stanton argues that Fuchs' endorsement of the checks constituted a release not only of any rights to a lien on the property, but also of any rights Fuchs had against Stanton individually for the labor and materials supplied by Fuchs. The superior court found that when Fuchs endorsed the checks he understood that he was only executing a release of his rights to a lien on the property. The court further found that neither AMFAC nor any of the parties understood or relied upon Fuchs' endorsement of the checks to constitute anything more than a release of Fuchs' lien rights.[1]

In accordance with Civil Rule 52(a), "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." A finding of fact is clearly erroneous only when this court is left with the firm and definite conviction on the entire record that a mistake has been made. *Cousineau v. Walker,* 613 P.2d 608, 612 (Alaska 1980); *Lewis v. Anchorage Asphalt Paving Co.,* 579 P.2d 532, 534 (Alaska 1978). In accordance with this standard, we conclude that the superior court's findings are not clearly erroneous. Stanton was not named in the language contained on the checks, either specifically or by implication, e.g., by reference to the "owner" or "developer." Furthermore, Stanton does not point to any evidence contradicting the court's finding that he did not understand or rely upon the language as constituting anything more than a release by Fuchs of his rights to a lien on the property. In the absence of such understanding or reliance, it is irrelevant whether the language could otherwise have arguably constituted a release of Stanton's individual liability to Fuchs.

We have considered the other arguments raised by Stanton on appeal and find them to be without merit.[2]

---

1. This statement actually appears in the superior court's conclusions of law, but it is clearly a finding of fact and will be treated as such by this court.

2. Stanton argues that the superior court erred in refusing to permit him to present evidence at trial of estoppel. We disagree. Estoppel is an affirmative defense which must be properly pleaded or it is considered waived. Alaska R.Civ.P. 8(c). Stanton did not plead estoppel as an affirmative defense, nor request an amendment of the pleadings to include estoppel, as permitted by Alaska Civil Rule 15.

The judgment of the superior court is AFFIRMED.

Thus, the court did not err in refusing to permit Stanton to present evidence of estoppel. *See, e.g., Barrett v. Byrnes,* 556 P.2d 1254, 1254–55 (Alaska 1977); *Kupka v. Morey,* 541 P.2d 740, 754 n. 39 (Alaska 1975). Even if Stanton's reference to estoppel before trial is treated as a motion to amend the pleadings, the denial of that motion was within the discretion of the superior court. *Merrill v. Faltin,* 430 P.2d 913,

915 (Alaska 1967). We also disagree with Stanton's suggestion that the superior court relied upon evidence of estoppel presented by Fuchs and thus was required to permit Stanton to present evidence of estoppel in his favor. We do not believe that the judgment entered for Fuchs is dependent upon any finding of estoppel against Stanton and, thus, Stanton's argument is without merit.