NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ARISTA WALKER, | ) | Supreme Court No. S-14859 |
| | ) | |
| Appellant, | ) | Superior Court No. 3AN-11-10299 CI |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND JUDGMENT[*] |
| FLAGSTAR BANK and | ) | |
| ALASKA TRUSTEE, LLC, | ) | No. 1525 – December 10, 2014 |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Patrick J. McKay, Judge.

Appearances: James J. Davis, Jr., Alaska Legal Services Corporation, Anchorage, for Appellant. M. Scott Broadwell, Davis Wright Tremaine LLP, Anchorage, and Fred Burnside, Davis Wright Tremaine LLP, Seattle, Washington, for Appellee Flagstar Bank. Richard Ullstrom, RCO Legal-Alaska, Inc., Anchorage, for Appellee Alaska Trustee, LLC.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

Winfree, Justice, with whom Stowers, Justice, joins, dissenting in part.

This appeal presents a single question: whether non-judicial deed of trust

foreclosures generally are covered by the Alaska Unfair Trade Practices and Consumer

---

[*]     Entered under Appellate Rule 214.

Protection Act (UTPA).[1]  The superior court ruled that the UTPA does not cover such foreclosures and dismissed Arista Walker's UTPA claim; Walker appealed that dismissal.[2]  We stayed Walker's appeal pending a decision on the same question in *Alaska Trustee v. Bachmeier*, and our recent decision in that case answers the question in the negative.[3]  In light of that decision, we affirm the superior court's dismissal of Walker's UTPA claim.

In supplemental briefing filed after our publication of the *Bachmeier* decision, Walker has requested that we remand her case to the superior court to allow her to amend her complaint to state common-law fraud and misrepresentation claims.  She points to the fact that her appeal was pending when *Bachmeier* was decided and that our decision in *Bachmeier* answered for the first time the question whether Alaska's Unfair Trade Practices and Consumer Protection Act applies to non-judicial foreclosures.  She also notes that prior to our decision in *Bachmeier*, the majority of the superior court judges who had addressed the issue had held that the UTPA did apply to illegal foreclosures.

Under similar circumstances, we have remanded to the trial court to permit

---

[1]  AS 45.50.471–.561.

[2]  Walker raised another issue for the first time in her reply brief:  whether the superior court erred in dismissing her breach of fiduciary duty claim against Alaska Trustee, LLC.  But Walker neither contested that dismissal in the superior court nor raised it in her opening brief on appeal.  The issue is not preserved, and we do not consider it.  *See Purcella v. Olive Kathryn Purcella Trust*, 325 P.3d 987, 992 (Alaska 2014) ("[B]ecause Kathryn raised this argument for the first time in her reply brief, it is waived."); *Hitt v. J. B. Coghill, Inc.*, 641 P.2d 211, 213 n.4 (Alaska 1982) ("Appellant set forth other grounds for reversal in her statement of points on appeal, one of which she argued in her reply brief, but argued none of them in her opening brief.  Accordingly, these points are waived.").

[3]  332 P.3d 1, 9 (Alaska 2014).

unsuccessful appellants to move to amend their pleadings after appeal. For example, in *Swift v. Kniffen*,[4] we allowed the appellants to seek leave of the trial court to amend their complaint upon remand because a new legal rule "was announced while [the *Swift*] appeal was pending, long after appellants filed their initial complaints and submitted their appellate briefs." We determined that the appellants should be permitted on remand to seek to amend their pleadings to include an alternative legal claim and permitted "the trial court [to] entertain such a motion, applying the rules that govern the amendment of pleadings."[5]

In *Swift*, we relied on Wright and Miller,[6] the leading treatise on federal procedure, as well as *City of Columbia v. Paul N. Howard Co.*,[7] to support our conclusion that "[a]mendment to the pleadings may be proper on remand."[8] In *City of Columbia*, the Eighth Circuit permitted an unsuccessful appellant to amend its counterclaim to include a tort claim "if the [trial] court feels the issue had not been presented below."[9] The *City of Columbia* court reasoned that Rule 15(a) of the Federal Rules of Civil Procedure, like our corresponding rule, provides that "leave [to amend] shall be freely given when justice so requires."[10] The court concluded that "[a]n

---

[4]    706 P.2d 296, 305 (Alaska 1985).

[5]    *Id.*

[6]    6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1489 (3d ed. 2010).

[7]    707 F.2d 338, 341 (8th Cir. 1983), *cert. denied*, 464 U.S. 893 (1983).

[8]    706 P.2d at 305 n.11.

[9]    707 F.2d at 341.

[10]    *Id.* (citing FED. R. CIV. P. 15(a)).

amendment can be proper after remand to the district court even if the claim was presented for the first time on appeal or had not been presented to the district court in a timely fashion."[11]

We therefore AFFIRM the superior court's dismissal of Walker's UTPA claim but REMAND to allow Walker to file a motion to amend her complaint to include common-law claims.

---

[11] *Id.* (citations omitted).

WINFREE, Justice, with whom STOWERS, Justice, joins, dissenting in part.

I agree with the court that *Alaska Trustee, LLC v. Bachmeier*[1] compels affirming the superior court's dismissal of Arista Walker's claim under the Alaska Unfair Trade Practices and Consumer Protection Act (UTPA).[2] But I disagree with remanding to the superior court to allow Walker a "do-over" of her lawsuit against Flagstar Bank and Alaska Trustee, LLC: Every claim Walker asserted in the superior court has been resolved against her; *Bachmeier* created no new claim for Walker to assert in the superior court on remand; and Walker deliberately chose not to pursue the common-law claims she now wishes to add to her complaint. If the court entitles Walker to a remand to assert known, preexisting, but unasserted claims, then why would every unsuccessful appellant not be similarly entitled?

Contrary to the court's suggestion, *Bachmeier* did not create a new rule. *Bachmeier* followed over three decades of existing law that the UTPA generally does not cover real estate transactions,[3] followed nearly 25 years of existing law that the UTPA generally does not apply to residential loans and their servicing (including a nonjudicial deed of trust foreclosure sale),[4] and rejected the recently constructed argument that 2004

---

[1]    332 P.3d 1 (Alaska 2014).

[2]    *See id.* at 9.

[3]    *Id.* at 5-6 ("For the past thirty years we have consistently held that 'the sale of real property is not within the regulatory scope of the [UTPA].' In *State v. First National Bank of Anchorage*, we held that the UTPA does not apply to 'real property' because 'the Act is directed solely at regulating transactions involving products and services sold to consumers in the popular sense.' " (alteration in original) (citation omitted) (quoting *State v. First Nat'l Bank of Anchorage*, 660 P.2d 406, 413-14 (Alaska 1982))).

[4]    *See id.* at 6 (citing *Barber v. Nat'l Bank of Alaska*, 815 P.2d 857, 861 (continued...)

and 2007 statutory amendments overruled this existing law and changed the UTPA to generally cover nonjudicial deed of trust foreclosures.[5] That this statutory argument was brewing in superior courts for a few years, with some success, does not mean that our rejection of it constitutes a new rule about the UTPA's application to real estate transactions in general or nonjudicial deed of trust foreclosures in particular. And if *Bachmeier* did create a new rule, it was a rule rejecting a new legal theory, not a rule creating a new legal theory that could have retroactive application.

The claims Walker now wishes she had asserted in the superior court — common-law fraud and misrepresentation — were known to her when she filed her complaint.[6] In supplemental briefing to us, Walker concedes that she made a conscious choice not to assert common-law fraud and misrepresentation claims because, based on earlier superior court decisions about the 2004 and 2007 UTPA amendments, she thought she would prevail on her UTPA claim. But when her stated claims were summarily dismissed by the superior court, Walker did not seek leave to amend her complaint to add her known common-law fraud and misrepresentation claims. Relying on her interpretation of the 2004 and 2007 UTPA amendments, Walker instead appealed her UTPA claim's dismissal. It turned out that Walker's interpretation of the law was incorrect.

As a result of Walker's tactical choice, this case now is over and nothing

---

[4]     (...continued)
(Alaska 1991)).

[5]     *Id.* at 6-9.

[6]     In her complaint Walker asserted a claim against both defendants for alleged violations of a federal law, a claim against both defendants for alleged violations of the UTPA, and a claim against Alaska Trustee for alleged breach of fiduciary duties.

is left to remand to the superior court. The court's reliance on *Swift v. Kniffen*[7] is misplaced. The remand in *Swift* resulted from our reversal of the superior court's decision on one claim the plaintiffs actually brought,[8] and it was in that context that we noted the plaintiffs could, on remand, seek to amend their complaint to add a recently announced new theory of law closely related to an already litigated theory.[9] Had we affirmed the superior court's judgment in *Swift*, there would have been no remand, just as there should be no remand here. But even if a remand might have been legitimate solely to allow the plaintiffs to assert a previously unrecognized claim, that would not fit the facts of this case — Walker seeks only to assert *previously recognized* claims that she, for tactical reasons, *deliberately chose not to assert*.

I have no quarrel with the notion that, in appropriate circumstances, when a case is remanded to the superior court, that court may give the parties leave to amend their pleadings.[10] But once a party's claims have been dismissed and the dismissal is

---

[7] 706 P.2d 296 (Alaska 1985).

[8] *Id.* at 303-04, 306.

[9] *Id.* at 304-05. The court's citation to *City of Columbia v. Paul N. Howard Co.*, 707 F.2d 338, 341 (8th Cir. 1983) is similarly misplaced. In *City of Columbia*, like in *Swift*, the case was remanded on a different claim than the one the court suggested could be added to the appellant's pleading on remand, not solely to amend the pleadings for the new claim. *See* 707 F.2d at 340-41.

[10] Although the court relies on Wright and Miller's *Federal Practice and Procedure*, it does not lend much support:

> Although Rule 15(a)(2) vests the [trial] judge with virtually unlimited discretion to allow amendments by stating that leave to amend may be granted when "justice so requires," there is a question concerning the extent of this power once a judgment has been entered or an appeal has

(continued...)

affirmed on appeal, there is no basis for remand.  If remand is allowed here — for the sole reason that Walker's tactical choice to bring only some known claims, but not others, was a failure — I anticipate every unsuccessful appellant reasonably will expect

---

**10** (...continued) been taken.  Most courts faced with the problem have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60. . . .  This approach appears sound. To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation. . . .

. . . [A] judgment generally will be set aside only to accommodate *some new matter that could not have been asserted during the trial*, which means that relief will not be available in many instances in which leave to amend would be granted in the prejudgment situation. . . .

. . . .

A number of courts, exercising their discretion under Rule 15(a), also have refused to allow a postjudgment amendment *when the moving party had an opportunity to assert the amendment during trial* but waited until after judgment before requesting leave . . . .

6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1489, at 814, 816-17, 819 (3d ed. 2010) (emphasis added).  *Cf. Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469-70 (5th Cir. 1967) ("A busy [trial] court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation. . . .  Much of the value of summary judgment procedure . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory." (internal quotation marks omitted)).

the same opportunity.  Today's decision rewards failed tactics and unnecessarily extends the already long and expensive litigation process.  I therefore dissent.